# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| CHRISTOPHER HOWE, individually and on behalf of all others similarly situated, | ) ) ) ) | |
| Plaintiff, | ) ) | No. 1:19-cv-01374 |
| v. | ) ) | |
| SPEEDWAY LLC and MARATHON PETROLEUM COMPANY, | ) ) ) | |
| Defendants. | ) ) | |

## NOTICE OF REMOVAL

Defendant Speedway LLC ("Speedway") hereby removes this putative class action from the Circuit Court of Cook County, Illinois to the United States District Court for the Northern District of Illinois, Eastern Division. This Court has jurisdiction under the Class Action Fairness Act ("CAFA") because minimal diversity exists and the maximum amount in controversy exceeds $5 million. *See* 28 U.S.C. §§ 1441, 1446, 1332(d), and 1453(b). Removal is timely under 28 U.S.C. § 1446(b)(3).

## I.      Overview of Claims Asserted and Relief Sought

Plaintiff Christopher Howe asserts two claims on behalf of himself and a putative class. *See* Exhibit A, which contains "a copy of all process, pleadings, and orders served upon" Speedway. 28 U.S.C. § 1446(a). The first claim is that defendants violated the Illinois Biometric Information Privacy Act ("BIPA," 740 ILCS 14/1, *et seq.*), and the second is for common law negligence. Cplt. ¶¶ 61–76 (Claim I) and 77-84 (Claim II).[1] Both claims rest upon the same

---

[1] Defendant Kronos, Inc. was voluntarily dismissed without prejudice after the Complaint was filed.

4123898

factual allegations. Plaintiff alleges that Speedway required its employees to scan their fingerprints and later use their fingerprints to punch in and out of work. *See, e.g.*, *id*. ¶¶ 28–31.

Plaintiff defines the putative class as follows:

> All individuals who worked for Defendants in the State of Illinois who had their fingerprints collected, captured, received, otherwise obtained, or disclosed by the Defendants during the applicable statutory period.

Plaintiff seeks as relief, among other things, "statutory damages of $5,000 for each willful and/or reckless violation of BIPA[.]" *Id.* ¶ 76.

## II.    Removal is Proper under CAFA

This Court has jurisdiction under CAFA because this is a purported "class action" (Ex. A at ¶¶ 49–60) in which (A) minimal diversity exists; and (B) the amount in controversy exceeds $5 million. *See* 28 U.S.C. §§ 1332(d)(1)(B) (defining "class action" to include state law class actions); 1332(d)(2) (granting district courts original jurisdiction over purported class actions in which the amount in controversy exceeds $5 million and "any member of a class of plaintiffs is a citizen of a State different from any defendant"); 1453(b) (permitting removal of class actions under section 1446 without consent of all defendants); and 1446 (permitting removal).

### A.    Minimal Diversity

Minimal diversity exists because "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2).

Plaintiff is a citizen of Illinois. Cplt. ¶ 10.

Speedway is a citizen of Ohio and Delaware. This is because limited liability companies "have the citizenships of their members." *RTP LLC v. ORIX Real Estate Capital, Inc.*, 827 F.3d 689, 691 (7th Cir. 2016). Speedway's sole member is MPC Investment LLC, which is headquartered in Ohio and incorporated in Delaware. *See* Ex. B, Declaration of Erin

Moosbrugger, ¶ 2. MPC Investment LLC's sole member is Marathon Petroleum Corporation.[2]

*Id.* at ¶ 3. Marathon Petroleum Corporation is a citizen of Ohio and Delaware (28 U.S.C.

§ 1332(c)(1)) because it is headquartered in Ohio and incorporated in Delaware. *Id.*

### B. Amount in Controversy

The amount in controversy "exceeds the sum or value of $5,000,000, exclusive of interest

and costs." 28 U.S.C. § 1332(d)(2). The complaint alleges that each class member is entitled to

statutory damages of up to $5,000 (Cplt. ¶ 76), and CAFA requires "the claims of the individual

[purported class] members [to] be aggregated." 28 U.S.C. § 1332(d)(6). From September 1, 2015

through approximately the date of filing of this Complaint, Speedway employed approximately

5,028 people in Illinois who used technology that Plaintiffs claim falls under BIPA to punch in

and out of work. Ex. B ¶ 5. The product of 5,028 employees and the statutory damages requested

yields a potential amount in controversy of more than $5 million.

### III. The Procedural Requirements for Removal have been Satisfied

This notice is timely. "[I]f the case stated by the initial pleading is not removable, a

notice of removal may be filed within thirty days after receipt by the defendant, through service

or otherwise, of a copy of an amended pleading, motion, <u>order or other paper</u> from which it may

first be ascertained that the case is one which is or has become removable." 28 U.S.C. §

1446(b)(3) (emphasis added).[3] The Illinois Supreme Court's January 25, 2019 decision in

*Rosenbach v. Six Flags Entertainment, Inc.*, 2019 IL 123186, which reversed the Illinois

---

[2] The Complaint names and was served upon Marathon Petroleum <u>Company</u>, but Plaintiff seems to have intended to name and serve Marathon Petroleum <u>Corporation</u>, a distinct entity. For example, the Complaint alleges that Speedway is the "wholly owned subsidiary" of Marathon (Cplt. ¶ 12), but that could not describe Marathon Petroleum <u>Company</u>. *See* Ex. B ¶ 4.

[3] Because this is a putative class action, the one-year limitation on removal of 28 U.S.C. § 1446(c)(1) does not apply. 28 U.S.C. § 1453(b).

4123898

Appellate Court's interpretation of BIPA, constitutes an "order or other paper from which it may first be ascertained that the case is one which is or has become removable."

Speedway removed this case to federal court once before, only to have it remanded to state court based on lack of Article III standing. *Howe v. Speedway LLC*, No. 17-cv-7303, 2018 WL 2445541 (May 31, 2018). In her ruling remanding the case to state court – which was made before the Illinois Supreme Court ruled in *Rosenbach* – the Hon. Andrea Wood held that the technical procedural violations of BIPA alleged by Howe "did not cause him an injury-in-fact" for purposes of Article III standing, so the District Court lacked subject-matter jurisdiction. 2018 WL 244541, at *6-7 (compliance with BIPA "would only have made explicit what should have already been obvious" to Plaintiff; such "procedural violations" do not amount to injury-in-fact). Other courts in this District likewise dismissed or remanded BIPA claims for lack of Article III standing – all before *Rosenbach*. *E.g.*, *McGinnis v. United States Cold Storage, Inc.*, No 17-cv-8054, 2019 WL 952154, at *4-5 (N.D. Ill. Jan. 3, 2019); *Rivera v. Google, Inc.*, No. 16-cv-2714, 2018 WL 6830332, at *10-11 (N.D. Ill. Dec. 29, 2018); *Goings v. UGN, Inc.*, No. 17-cv-9340, 2018 WL 2966970, at *4 (N.D. Ill. June 13, 2018); *McCollough v. Smarte Carte, Inc.*, No. 16-cv-3777, 2016 WL 4077108, at *5 (N.D. Ill. Aug. 1, 2016). *See also Santana v. Take-Two Interactive Software, Inc.*, 717 F. App'x 12, 16 (2d Cir. 2017) (bare procedural violation of BIPA insufficient for Article III standing).

On January 25, 2019, the Illinois Supreme Court ruled in *Rosenbach* that a violation of BIPA is not merely "technical" in nature:

> When a private entity fails to adhere to the statutory procedures, as defendants are alleged to have done here, the right of the individual to maintain his or her biometric privacy vanishes into thin air. The precise harm the Illinois legislature sought to prevent is then realized. This is no mere technicality. <u>The injury is real and significant.</u>

*Rosenbach*, 2019 IL 123186, ¶ 34 (internal quotations, citations, and alterations omitted; emphasis added).

Following the Illinois Supreme Court's ruling in *Rosenbach*, a new basis for ascertaining injury-in-fact is now present in this case. The injury-in-fact element of Article III standing requires an injury that is both concrete and particularized. *Rivera v. Allstate Ins. Co.*, 913 F.3d 603, 615 (7th Cir. 2018) (citing *Spokeo v. Robins*, 136 S.Ct. 1540, 1548 (2016)). The Illinois Supreme Court's decision in *Rosenbach* demonstrates that Illinois views the injury alleged by BIPA plaintiffs as "real and significant," even if plaintiffs allege no other injuries but the injury from the violation itself. Since BIPA is an Illinois statute, the Illinois Supreme Court's interpretation of that statute is instructive. *See McGinnis*, 2019 WL 95154, at *3 (under *Spokeo*, state legislature's judgment on the nature of the injury is "instructive and important" in deciding whether concrete injury is alleged). *See Daniels v. FanDuel, Inc.*, 884 F.3d 672, 674 (7th Cir. 2018) (citing *Erie R.R. v. Tompkins*, 304 U.S. 64 (1938) and the Rules of Decision Act, 28 U.S.C. § 1652). Thus, the logical implications of *Rosenbach* suggest that a violation of BIPA presents a risk of "real harm" and therefore constitutes injury-in-fact. *Rivera*, 913 F.3d at 615 (citing *Spokeo*, 136 S.Ct. at 1549).

Right up until the Illinois Supreme Court ruled in *Rosenbach*, the courts of this District mostly had viewed BIPA injury as merely technical and procedural, and therefore insufficient for Article III purposes. *McGinnis*, 2019 WL 952154, at *4-5 (N.D. Ill. Jan. 3, 2019); *Rivera*, 2018 WL 6830332, at *10-11 (N.D. Ill. Dec. 29, 2018); *Howe*, 2018 WL 2445541, at *6-7. The Illinois Supreme Court's opinion in *Rosenbach* is new law that arguably establishes Article III standing and subject-matter jurisdiction in this case. If it does not, the practical implication is that each and every BIPA class action lawsuit filed in Illinois, no matter what the amount in

4123898

controversy may be or who the parties may be, must be litigated in Illinois state court. This is in direct contravention to a party's right to remove certain cases under CAFA. As a consequence, Speedway is entitled to seek removal under these new circumstances.

Removal therefore is appropriate within 30 days of the January 25, 2019 *Rosenbach* opinion. *See Rea v. Michaels Stores*, 742 F.3d 1234, 1238 (9th Cir. 2014) (where prior controlling federal law did not support removal, United States Supreme Court decision changing the law and establishing subject-matter jurisdiction was a "relevant change of circumstances" permitting removal); *see also Wisconsin v. Amgen, Inc.*, 516 F.3d 530, 534 (7th Cir. 2008) (where new opinion "resolves a legal uncertainty concerning the existence of original federal jurisdiction," it may provide a new basis for removal).

Speedway is today filing this notice with the Circuit Court of Cook County, along with an executed copy of the Notice of Filing Notice of Removal attached hereto as Exhibit C. Speedway is also today serving those filings on all parties. 28 U.S.C. § 1446(d).

Dated: February 25, 2019

Respectfully submitted,

SPEEDWAY LLC

By: _/s/ Matthew C. Wolfe_

Of Counsel:
Tristan L. Duncan
SHOOK, HARDY & BACON L.L.P.
2555 Grand Boulevard
Kansas City, MO 64108
(816) 474-6550
tlduncan@shb.com

Alfred Saikali (*pro hac vice*)
SHOOK, HARDY & BACON L.L.P.
201 South Biscayne Boulevard, Suite 3200
Miami, FL 33131
(305) 358-5171
asaikali@shb.com

Gary M. Miller
Matthew C. Wolfe
Ian M. Hansen
SHOOK, HARDY & BACON L.L.P.
111 South Wacker Drive, 51st Floor
Chicago, IL 60606
Tel: (312) 704-7700
Fax: (312) 558-1195
gmiller@shb.com
mwolfe@shb.com
ihansen@shb.com

*Attorneys for Defendants Speedway LLC and Marathon Petroleum Co.*

6

4123898

## <u>CERTIFICATE OF SERVICE</u>

I, Matthew C. Wolfe, an attorney, hereby certify that on **February 25, 2019**, I caused a

true and correct copy of **NOTICE OF REMOVAL** to be served by electronic mail on counsel

of record in *Howe v. Speedway LLC, et al.*, Case No. 2017 CH 11992, in the Circuit Court of

Cook County, addressed as follows:

>Ryan F. Stephan
>James B. Zouras
>Andrew C. Ficzko
>STEPHAN ZOURAS, LLP
>205 North Michigan Avenue, Suite 2560
>Chicago, IL  60601
>(312) 233-1550
>(312) 233-1560 (Fax)
>lawyers@stephanzouras.com
>rstephan@stephanzouras.com
>jzouras@stephanzouras.com
>aficzko@stephanzouras.com
>
>Benjamin H. Richman
>Ari J. Scharg
>J. Eli Wade Scott
>EDELSON PC
>350 North LaSalle Street, 13th Floor
>Chicago, IL  60654
>brichman@edelson.com
>ascharg@edelson.com
>ewadescott@edelson.com
>
>***Attorneys for Christopher Howe***

>_/s/ Matthew C. Wolfe_

4123898