# EXHIBIT 2

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CHRISTOPHER HOWE, individually, and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) ) | Case No. 1:19-cv-01374 |
| v. | ) ) ) | Hon. Judge John F. Kness |
| SPEEDWAY LLC, | ) ) ) | |
| Defendant. | ) ) ) ) | |

## DECLARATION OF HOLLY MCMAHAN

I, Holly McMahan, hereby declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the following is true and correct and based upon my own personal knowledge and, if called to testify, would state:

1. I am over the age of 18 and I am able to testify to the statements below.

2. I am resident and citizen of Illinois.

3. I worked for Speedway, LLC, ("Speedway" or "Defendant") from March 2013 to March 2017. I was hired as a General Manager Trainee, then I was promoted to General Manager and worked at each Speedway's locations at 1902 N. Arlington Heights Rd., Arlington Heights, 3688 Grand Ave., Gurney, 1021 N. Rand Rd., Prospect Heights, 2850 Skokie Highway, North Chicago, and 505 Townline Rd., Mundelein, Illinois.

4. When I began working for Speedway, I was required to scan my fingerprint into a biometric timeclock in order to authenticate my time and attendance. Speedway required its

employees to scan their fingerprints so their biometric data could be enrolled in its employee database.

5. During the enrollment process, my supervisor required me to scan the fingerprint of my right index finger three times which were then stored in the employee database(s).

6. Whenever I transferred out of a Speedway location, I was never informed that my biometric data would ever be deleted.

7. Each time I was assigned to a new Speedway location, I had to repeat the same enrollment process of scanning the fingerprint of my right index finger three times into the biometric timeclock at the new location. The enrollment procedure was the same at each Speedway location I worked at.

8. When I first began working for Speedway, my supervisor told me that one of my duties as a General Manager was to enroll the fingerprints of the employees who worked under me into the timeclocks at each Speedway location I worked at.

9. The enrollment process first required typing an employee's employment number into the biometric timeclock. I would then instruct the employee to press and hold the index finger of their choice onto the timeclock's scanner three times, until the timeclock confirmed their fingerprint was stored into the device.

10. I never deleted nor did I know how to delete an employee's fingerprint data from the timeclock after the employee stopped working for Speedway.

11. I was required to scan my fingerprint each time I clocked in for work and clocked out of work with a Kronos biometric timeclock to track work time.

12. I was never provided with a nor signed a written release allowing Speedway or any other entity to collect, store, or use my fingerprint data.

13. I was never informed of the specific purposes or length of time for which Speedway collected, stored, used, disclosed, re-disclosed and/or disseminated my fingerprint data.

14. I was never informed of a biometric data retention schedule and/or destruction guidelines developed by Speedway or any other entity that may now be in possession of my fingerprint data, nor have I ever been informed whether Speedway or any other entity in possession of my fingerprint data will ever permanently delete my personal and private information.

15. I never gave my consent to Speedway to disclose, redisclose or otherwise disseminate my fingerprint data to any third party, including third parties that may host my fingerprint data.

Date: 10/22/2021

DocuSigned by:

BCA5742FEB68405...

Holly McMahan