# EXHIBIT 6

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| CHRISTOPHER HOWE, | ) | |
| individually and on behalf of all others | ) | |
| similarly situated, | ) | |
| | ) | |
| Plaintiff, | ) | No.  1:19-cv-01374 |
| | ) | |
| v. | ) | Hon. Andrea R. Wood |
| | ) | |
| SPEEDWAY LLC and | ) | Magistrate Judge Hon. Susan E. Cox |
| MARATHON PETROLEUM COMPANY, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**SPEEDWAY LLC AND MARATHON PETROLEUM COMPANY'S
ANSWERS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES**

Pursuant to Federal Rules of Civil Procedure 26 and 33, Defendants Speedway LLC

("Speedway") and Marathon Petroleum Company ("Marathon")[1] (together, "Defendants")

submit the following answers and objections to Plaintiff's First Set of Interrogatories

("Interrogatories").  Subject to the stated General Objections, which are incorporated into each of

the following specific answers, as well as to the stated specific objections, Defendants respond as

follows:

**PRELIMINARY STATEMENTS**

1.      By responding to these Interrogatories, Defendants do not waive or intend to

waive:  (a) any objections as to the competency, relevancy, materiality, privilege, status, or

admissibility as evidence, for any purpose, of any documents or information produced in

---

[1] The Complaint names and was served upon Marathon Petroleum Company, but Plaintiff seems to have intended to name and serve Marathon Petroleum Corporation, a distinct entity.  Marathon reserves all of its rights to object to its inclusion in this lawsuit and move to dismiss it from this case, including but not limited to because it has been improperly named.

response to these Interrogatories; (b) the right to object on any ground to the use of the documents or information produced in response to these Interrogatories at any deposition, hearing, trial, or other proceeding, or to their use in any pleading or submission; or (c) the right to object on any ground at any time to a demand for further response to these Interrogatories.

2. The objections and responses made herein are based on Defendants' investigation to date of those sources within their possession, custody, and control where they reasonably believe responsive documents or information may exist. Defendants' investigation is ongoing, and Defendants reserve the right to amend or supplement these objections and responses in accordance with the applicable rules and court orders and based on results of their continuing investigation.

3. The information supplied herein is for use in this litigation and for no other purpose.

## GENERAL OBJECTIONS

The following General Objections are incorporated into the specific answers and objections to each and every Interrogatory.

1. Defendants object to each Interrogatory to the extent it seeks information regarding Marathon's employment practices and policies, timeclocks, employee data collection, and other similar information, because the Complaint (which was brought by a Speedway employee) does not contain any allegations putting such Marathon information at issue. Furthermore, Marathon did not, and could not, access any data collected from the timeclocks at issue. *See* Answer to Interrogatory 10.

2. Defendants object to Plaintiff's definitions to the extent they are inconsistent with the definitions in the Illinois Biometric Information Privacy Act, including but not limited to Plaintiff's definitions of "Biometric Data" and "Biometric Timeclock." BIPA does not define

2

these terms.  Plaintiff defines them as follows: "'BIOMETRIC DATA means or refers to any

data, regardless of how it is captured, converted, stored, or shared, based on a person's whole or

partial fingerprint, scan of a fingerprint, fingertip, scan of a fingertip, and/or the ridge patterns or

whorls and lines contained on a person's finger. . . . 'BIOMETRIC TIMECLOCK' means or

refers to a digital device or data collection terminal that collects, captures, receives, or otherwise

uses BIOMETRIC DATA, BIOMETRIC IDENTIFIERS or BIOMETRIC INFORMATION,

including but not limited to any information derived from BIOMETRIC DATA, BIOMETRIC

IDENTIFIERS, and/or BIOMETRIC INFORMATION that Defendants contend does not

constitute BIOMETRIC INFORMATION, and that can track employee time, attendance, or

labor.  This phrase includes BIOMETRIC TIMECLOCKS currently used and those that have

been used in the past."  Neither of those terms is defined by BIPA.  Furthermore, in answering

these discovery requests, Defendants do not concede, and expressly deny, that they captured,

converted, stored, or shared "biometric identifiers" or "biometric information" as defined by

BIPA.[2]  Rather, the timekeeping units detect unique characteristic points from a finger scan.

Those points are then converted by an algorithm to create a unique mathematical template for

each employee.  No finger scan and no image associated with it is stored or kept as part of the

process.  *See* Declaration of Kostas Mallias, attached to Defendants' Mandatory Initial Discovery

---

[2] BIPA defines "biometric identifier" as "a retina or iris scan, fingerprint, voiceprint, or scan of hand or face geometry. Biometric identifiers do not include writing samples, written signatures, photographs, human biological samples used for valid scientific testing or screening, demographic data, tattoo descriptions, or physical descriptions such as height, weight, hair color, or eye color. Biometric identifiers do not include donated organs, tissues, or parts as defined in the Illinois Anatomical Gift Act or blood or serum stored on behalf of recipients or potential recipients of living or cadaveric transplants and obtained or stored by a federally designated organ procurement agency. Biometric identifiers do not include biological materials regulated under the Genetic Information Privacy Act. Biometric identifiers do not include information captured from a patient in a health care setting or information collected, used, or stored for health care treatment, payment, or operations under the federal Health Insurance Portability and Accountability Act of 1996. Biometric identifiers do not include an X-ray, roentgen process, computed tomography, MRI, PET scan, mammography, or other image or film of the human anatomy used to diagnose, prognose, or treat an illness or other medical condition or to further validate scientific testing or screening."  740 ILCS 14/10.

Responses. Plaintiff's definitions are therefore overbroad and not relevant to any party's claim or defense and not proportional to the needs of the case, *see* F.R.C.P. 26(b) and Plaintiff is not entitled to the information he seeks.

3.      Defendants object to each Interrogatory to the extent it seeks to impose on Defendants obligations and duties beyond those authorized by the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Northern District of Illinois, and other applicable rules and decisions.

4.      Defendants object to each Request to the extent it seeks documents that are not relevant to any party's claim or defense and not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

5.      Defendants object to each Interrogatory to the extent it seeks information not known or reasonably available to Defendants, or outside of Defendants' possession, custody, or control, or can be more readily obtained through other sources.

6.      Defendants object to each Interrogatory to the extent it seeks information protected from disclosure by the attorney-client privilege, work product doctrine, or any other applicable privilege, exemption, immunity, or protection. Any such privileged or otherwise protected information will not be provided. Any inadvertent disclosure of privileged information or of any other information otherwise protected from disclosure shall not constitute a waiver of any claim of privilege or exemption from disclosure.

7.      Defendants object to each Interrogatory to the extent it is unduly burdensome, overly broad, vague, or ambiguous.

8.      Defendants object to each Interrogatory to the extent it seeks confidential, proprietary business information or trade secrets.

9.      Defendants object to each Interrogatory to the extent it pertains to a legal conclusion that will be reached based on all available evidence.

10.      Defendants object to Plaintiffs' Instructions to the extent that they purport to require Defendants to log privileged communications from after this case was filed as unduly burdensome and inconsistent with the requirements of the Federal Rules of Civil Procedure.

## ANSWERS TO INTERROGATORIES

1.      Identify all persons that answered or assisted in answering these Interrogatories and Plaintiff's First Set of Requests for Production of Documents.  For each person Identified, state the person's position or title, their job duties or responsibilities, the length of time of each such Person's employment, and identify the answers or responses that each such Person assisted in answering.

**ANSWER:**      The phraseology of the answers is that of counsel.  Since the Interrogatories are directed to corporate entities, these answers to Interrogatories do not constitute, nor are they derived from the personal knowledge of any single individual, but include record information, knowledge obtained that cannot be attributed to any single individual, recollection of employees and general knowledge of the answering employee and others.  The answers were prepared with the assistance of counsel's advice and recommendations.  Speedway objects to responding further on the basis that the information requested is irrelevant and immaterial to the issues in this lawsuit and is not likely to lead to the discovery of admissible evidence and the information is protected from disclosure by the attorney/client privilege and/or work product doctrine.  These responses have been verified by a duly appointed agent of Speedway.

5

4845-8840-5652

2.     Identify and Describe any agreements (written or otherwise) that You have with any third party to provide payroll, timekeeping, or other employee management services, including any agreements that involve the collection, retention, processing, dissemination or use of Biometric Data, Biometric Identifiers or Biometric Information, or the lease, sale or use of Biometric Timeclocks.

**ANSWER:**     Defendants object to defined terms used in this Interrogatory for the reasons stated in their general objections.  Based upon the statutory definitions of "biometric identifier" and "biometric information," Defendants do not possess any documents responsive to this request.  Defendants do not use any device that stores any information defined by BIPA as a "biometric identifier" or "biometric information" because the devices used do not collect or store "fingerprints."  Therefore this request seeks irrelevant information and documents, which Federal Rule of Civil Procedure 26 prohibits.  Furthermore, Plaintiffs' definition of "biometric data" does not appear in the BIPA statute and therefore "biometric data" is not relevant to Plaintiffs' claims or defenses.  Defendants object to this interrogatory as pertaining to a legal conclusion that will be reached based on all available evidence; unduly burdensome; vague; ambiguous, overbroad; and disproportionate to the needs of the case.  **Subject to the foregoing objections**, relevant to this case, Speedway has purchased and used Kronos time clock devices with finger scanners and has utilized software licensed by Kronos.  Pursuant to Federal Rule of Civil Procedure 33(d), Defendants have produced the relevant contracts, service agreements, and related documents pertaining to these devices.  *See* SSPA . . . 493-533; 539-655; 675-88; 692-702; 738-815.

3.     Identify and Describe all third-party data centers where Your infrastructure is maintained.

**ANSWER:**     Defendants object to this interrogatory as vague and ambiguous, particularly with regard to the terms "third-party data centers" and "infrastructure."  Defendants further object to this interrogatory as overbroad, disproportionate to the needs of the case, and

unduly burdensome.  Defendants further object to this interrogatory to the extent it seeks

information about Marathon's "infrastructure" as outside the scope of the allegations actually

pled in Plaintiff's Complaint.  **Subject to the foregoing objections**, Speedway answers as

follows:  finger-scan data captured by timekeeping devices like the one used by Plaintiff was

stored on the timekeeping devices installed at Speedway's locations and on a secure server

owned and maintained by Speedway in Enon, Ohio.

4.      Identify and Describe any Biometric Timeclocks that You purchased, leased, or
otherwise obtained including but not limited to the Biometric Timeclock's name, model, ability
to collect, capture, read, process, disseminate, or use Biometric Data, Biometric Identifiers, or
Biometric Information, data storage capabilities, and electronic Communications capabilities,
and Identify any Documents describing the Biometric Timeclocks.

**ANSWER:**      Defendants object to defined terms used in this Interrogatory for the

reasons stated in their general objections.  Based upon the statutory definitions of "biometric

identifier" and "biometric information," Defendants do not possess any documents responsive to

this request.  Defendants do not use any device that stores any information defined by BIPA as a

"biometric identifier" or "biometric information" because the devices used do not collect or store

"fingerprints."  Therefore this request seeks irrelevant information and documents, which

Federal Rule of Civil Procedure 26 prohibits.  Furthermore, Plaintiffs' definition of "biometric

data" does not appear in the BIPA statute and therefore "biometric data" is not relevant to

Plaintiffs' claims or defenses.  Defendants further object to this interrogatory as overbroad,

unduly burdensome, and disproportionate to the needs of the case.  Defendants further object to

this interrogatory to the extent it seeks information about "Biometric Timeclocks" used by

Marathon as outside the scope of the allegations actually pled in Plaintiff's Complaint.  **Subject**

**to the foregoing objections**, Speedway used Kronos InTouch terminals.  The InTouch terminals

provide the option for employees to use a finger scan to track the start and end of their shifts; this

feature is called "Touch ID Plus."  The Touch ID Plus device uses optical sensor technology to

4845-8840-5652

capture a finger scan of employees and then save that data as a mathematical finger scan

template. *See also* Declaration of Kostas Mallias, which was attached to Defendants' Mandatory

Initial Discovery Responses. Additionally, pursuant to Federal Rule of Civil Procedure 33(d)

Defendants have produced documents responsive to this interrogatory. *See* SSPA . . . 81; 142-

44; 477-91; 689-91; 3708-9l; 431-33.

5.      Identify and Describe all devices storing Biometric Data, Biometric Identifiers, and/or Biometric Information. For each device there should be a device name, device description, device location (*i.e.*, address), device owner, and site owner.

**ANSWER:**    *See* Answer to Interrogatory 4.

6.      Identify and Describe the manner in which You collect, process, store, use, disseminate, back up, purge, and/or delete Biometric Data, Biometric Identifiers, and Biometric Information from each hardware device where it is stored.

**ANSWER:**    Defendants object to defined terms used in this Interrogatory for the

reasons stated in their general objections. Based upon the statutory definitions of "biometric

identifier" and "biometric information," Defendants do not possess any documents responsive to

this request. Defendants do not use any device that stores any information defined by BIPA as a

"biometric identifier" or "biometric information" because the devices used do not collect or store

"fingerprints." Therefore this request seeks irrelevant information and documents, which

Federal Rule of Civil Procedure 26 prohibits. Furthermore, Plaintiffs' definition of "biometric

data" does not appear in the BIPA statute and therefore "biometric data" is not relevant to

Plaintiffs' claims or defenses. Defendants object to this Interrogatory as pertaining to a legal

conclusion that will be reached based on all available evidence. **Subject to the foregoing**

**objections**, Defendants respond: *See* Answer to Interrogatory 4. Defendants further state that

they have a BIPA-compliant policy in place, to which they adhere. In accordance with this

policy, hourly employees read a BIPA-focused acknowledgement and release form and then

execute the release.

4845-8840-5652

Pursuant to Federal Rule of Civil Procedure 33(d), Defendants further answer as follows: Regarding the deletion of data, Defendants have produced their Information Lifecycle Management Policy. *See* SSPA00000889-892. Defendants have also produced their Electronic Information Handling and Protection Standard, which sets forth measures to prevent unauthorized disclosure, loss, alteration, or unavailability of information. *See* SSPA00000893-903. Defendants have also produced several employee time clock reports, both as they pertain to Mr. Howe and to Speedway's Illinois employees. *See* SSPA . . . 300-09; 492; 819; 852-53; 3582-707. Defendants have also produced copies of Speedway's finger-scan database. *See* SSPA00003708-09. Furthermore, Defendants have produced IT policies. *See* SSPA . . . 413-30; 854-963.

7.      Identify and Describe the manner in which infrastructure devices that contain Biometric Data, Biometric Identifiers, or Biometric Information are added and how old devices are removed. For devices that are removed, Identify and Describe how and when Biometric Data, Biometric Identifiers, and Biometric Information is purged from the device upon removal.

**<u>ANSWER:</u>**      Defendants object to defined terms used in this Interrogatory for the reasons stated in their general objections. Based upon the statutory definitions of "biometric identifier" and "biometric information," Defendants do not possess any documents responsive to this request. Defendants do not use any device that stores any information defined by BIPA as a "biometric identifier" or "biometric information" because the devices used do not collect or store "fingerprints." Therefore this request seeks irrelevant information and documents, which Federal Rule of Civil Procedure 26 prohibits. Furthermore, Plaintiffs' definition of "biometric data" does not appear in the BIPA statute and therefore "biometric data" is not relevant to Plaintiffs' claims or defenses. Defendants object to this interrogatory as pertaining to a legal conclusion that will be reached based on all available evidence. Defendants further object to this interrogatory as vague, ambiguous, overbroad, disproportionate to the needs of the case, and

9

unduly burdensome.  Furthermore, Marathon did not, and could not, access any data collected

from the timeclocks at issue.  *See* Answer to Interrogatory 10.  **Subject to the foregoing**

**objections**, Defendants direct Plaintiff to the Answer to Interrogatory 6.  Furthermore, pursuant

to Federal Rule of Civil Procedure 33(d), Defendants have produced IT policies that set forth

security protocols, policies, and procedures.  *See* SSPA . . . 413-30; 854-963.

8.    If You assert that neither You nor the Biometric Timeclocks used by You collect
Biometric Identifiers or Information, Identify and Describe the manner by which the Biometric
Timeclocks identify employees for the purpose of clocking in and clocking out, or for any other
feature of the Biometric Timeclocks which requires an individual to be identified.

**ANSWER:**    Defendants object to defined terms used in this Interrogatory for the

reasons stated in their general objections.  Based upon the statutory definitions of "biometric

identifier" and "biometric information," Defendants do not possess any documents responsive to

this request.  Defendants do not use any device that stores any information defined by BIPA as a

"biometric identifier" or "biometric information" because the devices used do not collect or store

"fingerprints."  Therefore this request seeks irrelevant information and documents, which

Federal Rule of Civil Procedure 26 prohibits.  Furthermore, Plaintiffs' definition of "biometric

data" does not appear in the BIPA statute and therefore "biometric data" is not relevant to

Plaintiffs' claims or defenses.  **Subject to the foregoing objection**, Defendants answer as

follows.  *See* Answer to Interrogatory 4.  *See also* Declaration of Kostas Mallias, which was

attached to Defendants' Mandatory Initial Discovery Responses.  As stated in the Declaration,

"[t]he finger scan units detect unique characteristic points from a finger scan.  Those features are

converted by an algorithm to create a unique mathematical template for each employee.  No

finger scan and no image associated with it is stored or kept as part of the process."  Defendants

reserve the right to supplement these responses to interrogatories, including in connection with

expert disclosures, if any.

9. Identify and Describe any protocols, policies, or procedures by which Biometric Data, Biometric Identifiers or Biometric Information are destroyed that were in place during the Relevant Time Period, and state whether the protocols, policies or procedures have always been complied with. If the policies or procedures have changed during the Relevant Time Period, please answer this Interrogatory as to each such policy or procedure.

**ANSWER:** Defendants object to defined terms used in this Interrogatory for the reasons stated in their general objections. Based upon the statutory definitions of "biometric identifier" and "biometric information," Defendants do not possess any documents responsive to this request. Defendants do not use any device that stores any information defined by BIPA as a "biometric identifier" or "biometric information" because the devices used do not collect or store "fingerprints." Therefore this request seeks irrelevant information and documents, which Federal Rule of Civil Procedure 26 prohibits. Furthermore, Plaintiffs' definition of "biometric data" does not appear in the BIPA statute and therefore "biometric data" is not relevant to Plaintiffs' claims or defenses. **Subject to the foregoing objection**, Defendants state: *See* Answer to Interrogatories 4 and 6. Defendants further state that, pursuant to Federal Rule of Civil Procedure 33(d), they have produced policies, procedures, and other materials, including IT policies. *See* SSPA . . . 413-30; 854-963. Each of these policies includes a "Version History" that provides details about policy changes. *See, e.g.*, SSPA00000920.

10. Identify each person or entity, including but not limited to associates, third-party associates, or independent contractors that have physical or virtual access to Plaintiff's or the Proposed Class Members' Biometric Data, Biometric Identifiers, or Biometric Information. For each such person or entity, please provide their name, company name, title, and the reason for their physical or virtual access to Plaintiff's or the Proposed Class Members' Biometric Data, Biometric Identifiers, or Biometric information.

**ANSWER:** Defendants object to defined terms used in this Interrogatory for the reasons stated in their general objections. Based upon the statutory definitions of "biometric identifier" and "biometric information," Defendants do not possess any documents responsive to this request. Defendants do not use any device that stores any information defined by BIPA as a

11

"biometric identifier" or "biometric information" because the devices used do not collect or store "fingerprints." Therefore this request seeks irrelevant information and documents, which Federal Rule of Civil Procedure 26 prohibits. Furthermore, Plaintiffs' definition of "biometric data" does not appear in the BIPA statute and therefore "biometric data" is not relevant to Plaintiffs' claims or defenses. Defendants object to this interrogatory as vague, ambiguous, overbroad, disproportionate to the needs of the case, and unduly burdensome. Furthermore, Marathon did not, and could not, access any data collected from the timeclocks at issue. *See* Answer to Interrogatory 10. **Subject to the foregoing objections**, Defendants state as follows: Unless access is expressly granted to a third party, only a very small number of Speedway personnel specifically authorized as administrators of the systems at issue have access to the data collected from the timeclocks at issue in this lawsuit. In connection with technical support, "on a single occasion Kronos received the database containing Speedway finger scan templates. Kronos did not access the templates, and the database contained no employee identifying information, such as names, addresses, or social security numbers. Nor did Kronos use or disclose the template data in any way. Kronos permanently deleted that database within 60 days of receiving it." Declaration of Kostas Mallias, attached to Defendants' Mandatory Initial Discovery Responses, ¶ 9. Besides the single access by Kronos described above, Defendants are not aware of any other third party that has had physical or virtual access to the data. Marathon affirmatively states that it has not accessed the Speedway data.

11. Describe the physical location of and Identify the owner of each server, hard drive, or other location, device, or medium where Plaintiff's or the Proposed Class Members' Biometric Identifiers or Information are stored or through which they are transmitted.

**ANSWER:** *See* Answer to Interrogatory 3.

12. For any Biometric Timeclocks that You leased, Identify and Describe Your procedures for decommissioning and obtaining the Biometric Timeclocks at the termination of the lease or agreement, including the handling of any Biometric Data, Biometric Identifiers or

Biometric Information stored on the Timeclocks or stored by You in a separate location or on a separate device or medium.

**ANSWER:** Defendants object to defined terms used in this Interrogatory for the reasons stated in their general objections. Based upon the statutory definitions of "biometric identifier" and "biometric information," Defendants do not possess any documents responsive to this request. Defendants do not use any device that stores any information defined by BIPA as a "biometric identifier" or "biometric information" because the devices used do not collect or store "fingerprints." Therefore this request seeks irrelevant information and documents, which Federal Rule of Civil Procedure 26 prohibits. Furthermore, Plaintiffs' definition of "biometric data" does not appear in the BIPA statute and therefore "biometric data" is not relevant to Plaintiffs' claims or defenses. **Subject to the foregoing objection**, Defendants did not lease timeclocks with finger-scan capabilities.

13. Identify and Describe the security protocols, policies or procedures used by You to protect Plaintiff's and the Proposed Class Members' Biometric Identifiers and Biometric Information from breach, disclosure to anyone but You, or otherwise accessed by any Person other than You, and state whether such procedures have always been complied with. If those protocols, policies, or procedures have changed during the Relevant Time Period, please answer this Interrogatory as to each such protocol, policy or procedure.

**ANSWER:** Defendants object to defined terms used in this Interrogatory for the reasons stated in their general objections. Based upon the statutory definitions of "biometric identifier" and "biometric information," Defendants do not possess any documents responsive to this request. Defendants do not use any device that stores any information defined by BIPA as a "biometric identifier" or "biometric information" because the devices used do not collect or store "fingerprints." Therefore this request seeks irrelevant information and documents, which Federal Rule of Civil Procedure 26 prohibits. Furthermore, Plaintiffs' definition of "biometric data" does not appear in the BIPA statute and therefore "biometric data" is not relevant to Plaintiffs' claims or defenses. **Subject to the foregoing objection**, *see* Answer to Interrogatory

13

9.  In addition, pursuant to Federal Rule of Civil Procedure 33(d), Defendants have produced IT policies that set forth security protocols, policies, and procedures. *See* SSPA . . . 413-30; 854-963. Specifically, Defendants' Incident Response Standard is set out at SSPA00000921-41, its Computer Security and Information Protection Policy is set out at SSPA00000942-44, and its Risk Assessment Process is set out at SSPA00000945-56. Each policy contains a "Version History" that provides details about policy changes. *See, e.g.*, SSPA00000920.

14.      Identify and Describe the manner in which You informed Plaintiff and the Proposed Class Members of the purpose of Your collection of their Biometric Data, Biometric Identifiers, or Biometric Information.

**ANSWER:**      Defendants object to defined terms used in this Interrogatory for the reasons stated in their general objections. Based upon the statutory definitions of "biometric identifier" and "biometric information," Defendants do not possess any documents responsive to this request. Defendants do not use any device that stores any information defined by BIPA as a "biometric identifier" or "biometric information" because the devices used do not collect or store "fingerprints." Therefore this request seeks irrelevant information and documents, which Federal Rule of Civil Procedure 26 prohibits. Furthermore, Plaintiffs' definition of "biometric data" does not appear in the BIPA statute and therefore "biometric data" is not relevant to Plaintiffs' claims or defenses. **Subject to the foregoing objection**, pursuant to Federal Rule of Civil Procedure 33(d), Defendants have produced policies, procedures, onboarding materials, and training materials responsive to this Interrogatory. *See* SSPA . . . 1-80; 86-139; 145-61; 389-412; 434-76;703-37; 816-18; 854-963; 2518-3581.

15.      Identify and Describe the manner in which You obtained Plaintiff and the Proposed Class Members' written consent to the collection of their Biometric Data, Biometric Identifiers, or Biometric Information.

**ANSWER:**      Defendants object to defined terms used in this Interrogatory for the reasons stated in their general objections. Based upon the statutory definitions of "biometric

14

identifier" and "biometric information," Defendants do not possess any documents responsive to this request. Defendants do not use any device that stores any information defined by BIPA as a "biometric identifier" or "biometric information" because the devices used do not collect or store "fingerprints." Therefore this request seeks irrelevant information and documents, which Federal Rule of Civil Procedure 26 prohibits. Furthermore, Plaintiffs' definition of "biometric data" does not appear in the BIPA statute and therefore "biometric data" is not relevant to Plaintiffs' claims or defenses. **Subject to the foregoing objection**, pursuant to Federal Rule of Civil Procedure 33(d), Defendants have produced all relevant employee written consent forms. *See* SSPA00000964-2517.

16.     Identify and Describe the manner in which You informed Plaintiff and the Proposed Class Members in writing of the purpose and length of time for which their Biometric Data, Biometric Identifiers and Biometric Information is (or was) collected, stored, disseminated, and/or used.

    **ANSWER:**     *See* Answers to Interrogatories 9, 14-15.

17.     Identify and Describe any retention protocol, policy or procedure Related To Plaintiff's and the Proposed Class Members' Biometric Data, Biometric Identifiers and Biometric Information in place during the Relevant Time Period. If those protocols, policies, or procedures have changed during the Relevant Time Period, please answer this Interrogatory as to each such protocol, policy or procedure.

    **ANSWER:**     *See* Answers to Interrogatories 9, 14-15.

18.     Identify and Describe any Communications Related To Illinois' Biometric Information Privacy Act, 740 ILCS 14/1 *et seq*., or any other laws Related To the protection of Biometric Information in the five years prior to Plaintiff's Complaint.

    **ANSWER:**     Defendants object to defined terms used in this Interrogatory for the reasons stated in their general objections. Based upon the statutory definitions of "biometric identifier" and "biometric information," Defendants do not possess any documents responsive to this request. Defendants do not use any device that stores any information defined by BIPA as a "biometric identifier" or "biometric information" because the devices used do not collect or store

"fingerprints." Therefore this request seeks irrelevant information and documents, which Federal Rule of Civil Procedure 26 prohibits. Furthermore, Plaintiffs' definition of "biometric data" does not appear in the BIPA statute and therefore "biometric data" is not relevant to Plaintiffs' claims or defenses. Defendants object to this interrogatory as vague, ambiguous, and overbroad. **Subject to the foregoing objections**, pursuant to Federal Rule of Civil Procedure 33(d), Defendants state that they produced all relevant, non-privileged, documents in their Initial Production.

19.     Identify and Describe any Communications Related To privacy risks to employee Biometric Data, Biometric Identifiers, or Biometric Information such as hacks, breaches, or other exposures in the five years prior to Plaintiff's Complaint.

**ANSWER:**     Defendants object to defined terms used in this Interrogatory for the reasons stated in their general objections. Based upon the statutory definitions of "biometric identifier" and "biometric information," Defendants do not possess any documents responsive to this request. Defendants do not use any device that stores any information defined by BIPA as a "biometric identifier" or "biometric information" because the devices used do not collect or store "fingerprints." Therefore this request seeks irrelevant information and documents, which Federal Rule of Civil Procedure 26 prohibits. Furthermore, Plaintiffs' definition of "biometric data" does not appear in the BIPA statute and therefore "biometric data" is not relevant to Plaintiffs' claims or defenses. Defendants object to this interrogatory as vague, ambiguous, overbroad, disproportionate to the needs of the case, and unduly burdensome. Defendants further object to the extent that they do not have this information in their possession, custody, or control. Defendants are willing to meet and confer with Plaintiff to develop a search protocol to identify the sought communications.

20.     If Plaintiff's or the Proposed Class Members' Biometric Data, Biometric Identifiers, or Biometric Information was deleted, destroyed, damaged, overwritten, discarded, or otherwise disposed of, Identify and Describe the manner in which that occurred, when that

16

occurred, and how long the Biometric Data, Biometric Identifiers, or Biometric Information was retained before the data was destroyed, damaged, overwritten, discarded, or otherwise disposed of.

**ANSWER:**     Defendants object to defined terms used in this Interrogatory for the reasons stated in their general objections.  Based upon the statutory definitions of "biometric identifier" and "biometric information," Defendants do not possess any documents responsive to this request.  Defendants do not use any device that stores any information defined by BIPA as a "biometric identifier" or "biometric information" because the devices used do not collect or store "fingerprints."  Therefore this request seeks irrelevant information and documents, which Federal Rule of Civil Procedure 26 prohibits.  Furthermore, Plaintiffs' definition of "biometric data" does not appear in the BIPA statute and therefore "biometric data" is not relevant to Plaintiffs' claims or defenses.  Defendants object to this interrogatory as vague, ambiguous, overbroad, disproportionate to the needs of the case, and unduly burdensome.  **Subject to the foregoing objections**, Defendants respond as follows:  *See* Answer to Interrogatory 6. Defendants further state that prior to implementation of their current BIPA policy, the finger-scan data in this lawsuit was deleted either as the result of a specific user action to delete it or because an employee was deleted from the relevant timeclock or server.

21.     State the specific facts underlying each affirmative defense asserted in Your Answer.

**ANSWER:**     *See* Defendants' Mandatory Initial Discovery Responses and First Amended Answer and Affirmative Defenses.

22.     Identify the total number of Proposed Class Members.

**ANSWER:**     Defendants deny that class certification is appropriate in this case or that the class proposed by Plaintiff is cognizable.  Defendants further object to this Interrogatory to the extent it seeks information about Marathon, which did not employ Plaintiff.  **Subject to the**

17

**foregoing objection and denial,** Speedway answers as follows:  Because the statute of

limitations applicable to BIPA has not been decided by any Court, Speedway provides the

following approximate class sizes, calculated based on the date of the filing of the Complaint:

September 1, 2012 to September 1, 2017 7,246; September 1, 2015 to September 1, 2017, 5,028;

September 1, 2016 to September 1, 2017, 3,044.

     23.    Identify the number of Proposed Class Members who executed a written release authorizing You to collect, store, disseminate, or use their Biometric Data, Biometric Identifiers, or Biometric Information.

     **ANSWER:**    Defendants deny that class certification is appropriate in this case or that

the class proposed by Plaintiff is cognizable.  Defendants further object to this Interrogatory to

the extent it seeks information about Marathon, which did not employ Plaintiff.  **Subject to the**

**foregoing objection and denial,** Speedway answers as follows:  Pursuant to Federal Rule of

Civil Procedure 33(d), Defendants have produced all written releases executed by employees

potentially subject to the class periods stated in Interrogatory 22.

     24.    Identify by name, title, and home and business address all people with knowledge of the facts alleged in Plaintiff's Complaint.

     **ANSWER:**    Defendants object to this interrogatory as vague, ambiguous, overbroad,

disproportionate to the needs of the case, and unduly burdensome.  Defendants also object to this

Interrogatory to the extent it seeks information outside of their possession, custody, or control.

**Subject to the foregoing objections**, Defendants refer Plaintiff to their Mandatory Initial

Discovery Responses for a list of individuals potentially likely to have discoverable information

relevant to a claim or defense in this action.  *See* Ex. A.

     25.    Identify any insurance policies, contracts, or other written understandings under which any person or entity other than You (Including insurers, affiliated entities, and business partners) may be liable to satisfy all or part of any judgment that may be entered in this case, or to indemnify or reimburse You for payments made by You to satisfy any such judgment.

4845-8840-5652

**ANSWER:** Defendants are not aware of any such insurance policies. Regarding indemnification, *see* SSPA00000692–702.

Dated: May 29, 2019

Respectfully submitted,

SPEEDWAY LLC and
MARATHON PETROLEUM COMPANY

By: */s/ Tristan L. Duncan*

Tristan L. Duncan
SHOOK, HARDY & BACON L.L.P.
2555 Grand Boulevard
Kansas City, MO 64108
(816) 474-6550
tlduncan@shb.com

Gary M. Miller
Matthew C. Wolfe
Ian M. Hansen
SHOOK, HARDY & BACON L.L.P.
111 South Wacker Drive
Chicago, IL 60606
Tel: (312) 704-7700
Fax: (312) 558-1195
Firm No. 58950
gmiller@shb.com
mwolfe@shb.com
ihansen@shb.com

***Attorneys for Defendants Speedway LLC and
Marathon Petroleum Company***

4845-8840-5652

## VERIFICATION

Under penalties as provided by law pursuant to Section 1-109 of the Illinois Code of Civil Procedure, I, Kelli Jones, Manager—HRIS, Payroll & PA, state that I am authorized to sign this verification on behalf of Defendant Speedway in the above-entitled action; that I have read the foregoing **SPEEDWAY LLC AND MARATHON PETROLEUM COMPANY ANSWERS TO PLAINTIFF'S INTERROGATORIES** and know the contents thereof; that the responses were prepared with the assistance and advice of counsel; that I relied upon the aforementioned assistance, and that some of the information contained herein is accordingly outside the scope of my personal knowledge; that the responses set forth herein, subject to inadvertent or undiscovered error, are based on, and are therefore necessarily limited by, records and information still in existence, presently recollected and thus far discovered in the course of the preparation of these responses. Consequently, Defendant Speedway reserves the right to make any changes in the responses if it appears at any time that omission or errors have been made therein or that more accurate information is available; and that subject to the limitations set forth herein, the responses are true to the best of my knowledge, information and belief.

I declare under penalty of perjury that the foregoing is true and correct.

Dated this 29th of May 2019.

KELLI JONES
MANAGER—HRIS, PAYROLL & PA

## <u>CERTIFICATE OF SERVICE</u>

I, Matthew C. Wolfe , an attorney, hereby certify that on **May 29, 2019**, I caused a true

and correct copy of **SPEEDWAY LLC AND MARATHON PETROLEUM COMPANY**

**ANSWERS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES** to be served on

counsel of record via electronic mail, addressed as follows:

> Ryan F. Stephan
> Andrew C. Ficzko
> Haley R. Jenkins
> STEPHAN ZOURAS, LLP
> 100 North Riverside Plaza
> Suite 2150
> Chicago, IL 60606
> (312) 233-1550
> (312) 233-1560 (Fax)
> lawyers@stephanzouras.com
> rstephan@stephanzouras.com
> aficzko@stephanzouras.com
> hjenkins@stephanzouras.com
>
> Benjamin H. Richman
> Ari J. Scharg
> J. Eli Wade Scott
> EDELSON PC
> 350 North LaSalle Street, 13th Floor
> Chicago, IL 60654
> brichman@edelson.com
> ascharg@edelson.com
> ewadescott@edelson.com
>
> ***Attorneys for Christopher Howe***

_/s/ Matthew C. Wolfe_

4845-8840-5652