IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHRISTOPHER HOWE, individually, and on behalf of all others similarly situated, | ) ) ) |
| Plaintiff, | ) No. 19-cv-01374 ) |
| v. | ) Honorable John F. Kness ) |
| SPEEDWAY LLC, | ) ) |
| Defendant. | ) ) |

**MOTION FOR STATUS HEARING**

Plaintiff Christopher Howe, individually and on behalf of all others similarly situated, by and through counsel, respectfully requests the Court set a status hearing to address the multiple pending motions. In support of this motion, Plaintiff states as follows:

1. On September 1, 2017, Plaintiff filed a Class Action Complaint against Speedway for violating the Illinois Biometric Information Privacy Act ("BIPA"), 740 ILCS 14/1, by collecting his and thousands of other employees' fingerprint data without their informed, written consent or creating a retention policy.

2. On August 18, 2020, Speedway filed its first motion for summary judgment. There, Speedway argued that (1) Plaintiff waived his BIPA rights through his continued use of the biometric timeclocks, (2) Plaintiff's claims are barred by the assumption of risk, and (3) BIPA claims should be narrowly construed to avoid absurd results and/or "constitutional problems." (Dkt. No. 59.) This matter has been fully briefed since October 23, 2020 and is pending a ruling. (Dkt. Nos. 67, 76.)

1

3.     Last week, on October 25, 2021, Speedway filed a second motion for summary judgment. In this second motion, it raises a number of new, purportedly dispositive arguments: that (1) it did not possess or collect biometric data as defined by BIPA, (2) it did not act negligently, recklessly, and/or intentionally regarding the alleged BIPA violations, (3) BIPA claims should be narrowly construed to avoid "constitutional problems," (4) a one-year statute of limitations applies barring Plaintiff's claims, and (5) Plaintiff's claims are preempted by the Illinois Workers' Compensation Act. (Dkt. No. 111.) Additionally, Speedway also filed a motion to exclude expert testimony. (Dkt No. 115.)

4.     Speedway failed to seek leave before filing this second, successive motion for summary judgement. Although "most judges … frown on successive summary judgment motions," *DR Distributors, LLC v. 21 Century Smoking, Inc.*, 513 F. Supp. 3d 839, 907 n.29 (N.D. Ill. 2021), "[t]he decision to allow a second summary judgment motion when a party neglected to address all of the non-movant's claims in its first motion is within the Court's discretion." *Johnsen v. Village of Rosemont*, 2014 WL 4909080, at *3 (N.D.Ill. 2014) (citing *Gordon v. Veneman*, 61 Fed.Appx. 296, 298 (7th Cir. 2003)). A party may be allowed to file successive summary judgment motions only "if good reasons exist." *Whitford v. Boglino*, 63 F.3d 527, 530 (7th Cir. 1995).

5.     The same day that Speedway filed its second summary judgment motion, Plaintiff filed a renewed motion for class certification. (Dkt. No. 121.)

6.     On October 28, 2021, the Court set a briefing schedule on the three pending motions requiring response briefs to be filed by December 3, 2021, and reply briefs to be filed by December 21, 2021. (Dkt. No. 124.)

7.     It is Plaintiff's view that, as a matter of first principles, Speedway's successive summary judgment motion should not be considered. While Plaintiff will raise that matter in his

response, it would be inefficient to require him to brief this improper motion if the Court is not inclined to consider it. If the Court does decide to consider Speedway's motion, Plaintiff recommends proceeding with the class certification motion first. Otherwise, Speedway is creating a one-way intervention problem for itself.[1] *Mira v. Nuclear Measurements Corp.*, 107 F.3d 466, 475 (7th Cir. 1997) ("[I]t is the better policy for a district court to dispose of a motion for class certification promptly and *before* ruling on the merits of the case [though not necessarily reversible error].") Speedway's counsel has so far dodged questions about whether it thinks the summary judgment ruling should apply to the whole class or just to the plaintiff. Whatever Speedway's intentions, advancing summary judgment before class certification will be less efficient.

8. Accordingly, in an effort to promote judicial efficiency, Plaintiff respectfully requests that a status hearing be set in order to discuss the pending motions and the most efficient means for proceeding forward. This is the type of issue that Plaintiff would normally have raised at a presentment hearing, but such hearings are presently suspended.

**WHEREFORE**, Plaintiff respectfully requests the Court to enter an Order setting a status hearing to discuss the four pending motions, the most efficient judicial means for proceeding forward, and for any other relief the Court deems equitable and just.

Dated: November 1, 2021　　　　　　　　　Respectfully Submitted,

　　　　　　　　　　　　　　　　　　　　*/s/ Andrew C. Ficzko*

　　　　　　　　　　　　　　　　　　　　Ryan F. Stephan
　　　　　　　　　　　　　　　　　　　　James B. Zouras
　　　　　　　　　　　　　　　　　　　　Andrew C. Ficzko
　　　　　　　　　　　　　　　　　　　　**STEPHAN ZOURAS, LLP**
　　　　　　　　　　　　　　　　　　　　100 N. Riverside Plaza, Suite 2150
　　　　　　　　　　　　　　　　　　　　Chicago, Illinois 60606

---

[1] Speedway has plainly waived one-way intervention as to its first, very early summary judgment motion.

3

(312) 233-1550
rstephan@stephanzouras.com
jzouras@stephanzouras.com
aficzko@stephanzouras.com

J. Eli Wade-Scott
Alexander G. Tievsky
**EDELSON PC**
350 North LaSalle Street, 14th Floor
Chicago, Illinois 60654
(312) 589-6370
ewadescott@edelson.com
atievsky@edelson.com

**ATTORNEYS FOR PLAINTIFF**

## **CERTIFICATE OF SERVICE**

I, the attorney, hereby certify that on November 1, 2021, I filed the attached with the Clerk of the Court using the electronic filing system which will send such filing to all attorneys of record.

*/s/ Andrew C. Ficzko*
