THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHRISTOPHER HOWE, individually, and on behalf of all others similarly situated, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No. 1:19-CV-01374 ) |
| SPEEDWAY LLC, | ) ) ) |
| Defendant. | ) |

**PLAINTIFF'S LOCAL RULE 56.1 STATEMENT OF ADDITIONAL MATERIAL FACTS**

Pursuant to Local Rule 56.1(b)(3)(C), Plaintiff Christopher Howe ("Plaintiff"), through his attorneys, submits the following Statement of Additional Material Facts in opposition to Defendant Speedway LLC's ("Speedway" or "Defendant") Motion for Summary Judgment.

**Plaintiff's Employment and Key Speedway Personal**

1. Plaintiff began his employment with Speedway in September 2015 as a manager trainee, a position he held at various locations throughout Illinois before he was transferred to the Addison, Illinois store in October 2016, when he was promoted to general manager. (Ex. 1, Dep. Tr. of Christopher Howe ("Howe Dep.") 13:10-21; 14:6-17; 15:9-15; 16:12-20.)

2. Speedway required Plaintiff and all other putative class members, as a condition of employment, to scan their fingers each day of work to clock in and out as an authentication method to track work time. (Howe Dep. 56:3-8; 80:9-11; 21-22; 91:9-12; 97:2-10; 99:24-100:9; 103:3-8; Ex. 2, Dep. Tr. of Kelli Jones ("Jones Dep.") 55:23-56:7; 113:11-18; Ex. 3, Dep. Tr. of Matt Green ("Green Dep.") 27:15-29:15; Ex. 4, Dep. Tr. of Nicole Karlson ("Karlson Dep.") 33:12-17; 35:23-36:19; 42:23-43:8; 50:20-24; 80:7-16.)

3. Speedway required its employees to enroll their fingerprints into one of its biometric timeclocks, and the enrollment process was consistent across all Speedway locations throughout Illinois. (Green Dep. 28:25-29:15; Jones Dep. 59:20-60:3; Karlson Dep. 35:23-36:19; 37:4-38:9; Howe Dep. 41:16-22; 56:3-8; 59:15-60:16; 91:9-12; 97:2-10; 99:24-100:9; 103:3-8.)

4. Speedway representative, Kelli Jones, who has worked in various positions at Speedway since April 2010, is its Manager of Human Resources Information Systems ("HRIS" or "HR"), Payroll, and Personnel Administration. (Jones Dep. 12:12-25.)

5. In her role as the Manager of HR, Payroll, and Personnel Administration, one of Kelli Jones's duties is to create written policies and other documents for Speedway, including consent forms to comply with Illinois and other state-specific laws. (*Id.* 21:4-6, 9-14, 20-25; 22:1-6.)

6. Speedway representative Matt Green worked in various capacities relating to human resources at Speedway since June 1999, and is its Director of Human Resources Services. (Green Dep. 6:19-24; 12:15-18; Dkt. No. 113-1 at ¶ 2.)

7. Nicole Karlson has worked for Speedway since 2007 and is the HR Advisor responsible for guiding and counseling field management regarding laws and regulations applicable to Speedway employees, including company policies and practices. (Karlson Dep. 9:12-22; 12:18-22; 18:17-24: 19:1-4: 22:24-23:6.)

**Speedway's Implementation of Biometric Timeclocks and Failure to Comply With the Biometric Information Privacy Act**

8. Matt Green, as the representative for HR, was part of a team consisting of Speedway's Information Technology, HR, and operations groups that originally recommended implementation of finger scan timekeeping devices. (Green Dep. 42:5-11; 44:16-21.)

9. Speedway first started using finger scan timekeeping devices between 2003 and 2006. (Jones Dep. 47:6-9; 63:16-17; Green Dep. 15:8-9; 18:17-20; 19:17-19.)

10. Speedway implemented finger scan timekeeping devices to relieve store managers from having to manually input employee hours on timesheets each week and to avoid buddy punching (*i.e.,* for productivity and efficiency purposes). (*Id*. 45:3-23.)

11. It was not until Speedway learned of a news article in August 2017 related to a Biometric Information Privacy Act ("BIPA") lawsuit against Kronos, Inc., in connection with the use of finger-scan timekeeping devices, that Speedway's HR representatives and attorneys first evaluated whether Speedway was illegally collecting, storing, and using employees' biometric information. (Jones Dep. 22:25-23:1-3; 23:11-20; 24:12-15; 121:24-25; 123:6-8.)

12. Nicole Karlson was not aware of BIPA until Speedway created and rolled out a BIPA consent form for the first time in November 2017. (Karlson Dep. 9:12-22; 12:18-22; 18:17-24: 19:1-4: 22:24-23:6.)

13. Matt Green was not aware of BIPA until approximately August 2017, when he received an email from his boss, Phil Hall, regarding a BIPA lawsuit against Kroger. (Green Dep. 77:22; 78:2-5, 19-21).

14. Kelli Jones was not aware of BIPA before she attended a meeting held by Speedway shortly after it learned of the news article about the BIPA lawsuit against Kronos referenced in paragraph 11 above. (Jones Dep. 32:5-13.)

15. Kelli Jones played an active role, along with Speedway HR representatives in Illinois and its attorneys, in creating Speedway's BIPA consent form related to the finger-scan timekeeping devices to try to bring Speedway into compliance with BIPA. (*Id.* 22:9-22.)

16. Speedway created and rolled out a BIPA consent form for the first time in November 2017. (Jones Dep. 36:16-25; 38:10-11; 39:6-21; 45:8-10; 106:8-10; Green Dep. 84:9-13; Ex. 5, Speedway BIPA Consent Form; Karlson Dep. 28:1-4;30:22-24; 31:1; 35:23-36:19; 80:7-16.)

17. Speedway made no attempt to comply with, let alone learn about or investigate, BIPA until November 2017, approximately nine years after BIPA was implemented, six months after Plaintiff's employment ended, and approximately two months after this lawsuit was filed. (Howe Dep. 13:10-12; 37:6-11; Jones Dep. 38:10-11; 47:6-9; 76:18-19; 108:3-8; 112:25; 113:1-14; 135:13-16; 136:11-19; 137:6-17; Ex. 6, Dep. Tr. of Diana Anderson ("Anderson Dep.") 65:7-9; Ex. 7, Dep. Tr. of Mr. Marek Minta ("Minta Dep.") 44:21-45:7.)

18. Before November 2017, Speedway did not provide employees with a written notice informing them of their rights under BIPA. (Jones Dep. 71:5-25; 72:1-2; Karlson Dep. 44:5-14.)

19. Before November 2017, Speedway did not create a written policy made available to the public and establishing a retention schedule and guidelines for permanently destroying biometric identifiers and/or biometric information. (Jones Dep. 72:3-14; Green Dep. 32:23-25; 33:1-2; 89:1-8; Karlson Dep. 44:15-20.)

20. Before November 2017, Speedway did not secure written consent from its employees in order to collect, store, use and/or disseminate their biometric identifiers and/or biometric information. (Green Dep. 32:18-22; 46:13-17; 47:21-24; 51:7-11; 88:21-25; Karlson Dep. 26:20-24; 27:2-4; 43:24-44:4.)

21. At no time during his employment did Speedway provide Plaintiff with any notice of the purposes for collecting his finger scan data or the length of time it would store his personal and private data. (Howe Dep. 80:1-7; 81:7-10; Jones Dep. 71:5-25; 72:1-2.)

22. At no time during his employment did Speedway secure Plaintiff's written consent to collect, store, use and disseminate his biometric identifiers and/or biometric information. (Jones Dep. 145:13-24; Green Dep. 32:18-22; 46:13-17; 47:21-24; 51:7-11; 88:21-25; Karlson Dep. 26:20-24; 27:2-4.)

**Speedway Collected, Stored, Used and Disseminated Its Employees' Biometric Information in Violation of BIPA**

███ ████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████ ██████ ███ ██ ██ ███ ████ ███ ████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
█████████████████████████████████████

███ ████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
██████████████████████████████████████████

███ ████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
█████████████

[REDACTED]

27. The process of compressed sensing is an engineering technique used in a variety of products on the market such as digital photography and diagnostic imaging which acquires data on a smaller scale, yet captures the full essence of the image for a device such as Speedway's biometric timeclocks to function properly and as intended. (Daft Dep. 103:12-105:2.)

[REDACTED]

[REDACTED]

30. The size of the fingerprint captured by Speedway's biometric timeclocks is determined by both the dimension of the fingerprint reader surface as well as by the resolution of the fingerprint reader. (Daft. Dep. 137:22-138:7.)

31. Whether it is a full fingerprint or something less, a biometric reader smaller than the size of a full fingerprint will produce a truncated fingerprint which is still a fingerprint. (Daft Dep. 211:20-212:5.)



██████████████████████████████████████████

██████████████████████████████████████████

████████████████████████████

38.     While a fingerprint template may contain less information than a full fingerprint, through compressed sensing, such as what is used in a digital camera, a machine learning system can reconstruct the fingerprint template to recreate the original fingerprint data or image. (Daft Dep. 240:11-24; 242:14-19; 259:6-24.)

39.     The Biometric Information Privacy Act is not a difficult statute to understand; it does not require some special expertise in some discipline to understand it. (Minta Dep. 35:5-9; 56:23-57:1; 122:8-12.)

40.     Without needing to inspect the actual device, when you have a biometrically assisted device, such as Speedway's biometric timeclocks, there is no question it collects biometric data. (Minta Dep. 33:6-9; 49:15-19.)

Date:   December 14, 2021

Respectfully submitted,

By: s/ *Andrew C. Ficzko*
One of Plaintiff's Attorneys

Ryan F. Stephan
James B. Zouras
Andrew C. Ficzko
STEPHAN ZOURAS, LLP
100 N. Riverside Plaza, Suite 2150
Chicago, IL 60606
Telephone: 312-233-1550
Facsimile: 312-233-1560
rstephan@stephanzouras.com
jzouras@stephanzouras.com
aficzko@stephanzouras.com

J. Eli Wade-Scott

Alexander G. Tievsky
EDELSON PC
350 North LaSalle Street, 14th Floor
Chicago, IL 60654
Telephone: 312-589-6370
Facsimile: 312-589-6378
ewadescott@edelson.com
atievsky@edelson.com

**ATTORNEYS FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

I, the attorney, hereby certify that on December 14, 2021, I filed the attached with the Clerk of the Court using the electronic filing system which will send such filing to all attorneys of record.

*/s/ Andrew C. Ficzko*