# EXHIBIT 11

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION

| | |
|---|---|
| CHRISTOPHER HOWE, individually, and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>SPEEDWAY LLC, MARATHON PETROLEUM COMPANY and KRONOS, INC.,<br><br>    Defendant. | No. 2017-CH-11992 |

## DECLARATION OF KOSTAS MALLIAS

I, Kostas Mallias, hereby declare under penalty of perjury as follows:

1. I am over 18 years of age and reside in NANUET, NEW YORK.

2. I have personal knowledge of the matters set forth herein and could competently testify to these matters if called to do so as a witness in court.

3. I am employed by Kronos Incorporated ("Kronos") and hold the position of Manager of Product Support.

4. As Manager of Product Support, my responsibilities include Kronos' product line of time clock terminals, finger scan devices, and related software to manage employee data.

5. I also have knowledge of commercial relationships with Kronos customers, including Speedway, LLC and Marathon Petroleum Company, (collectively, "Speedway").

6. Speedway has purchased and used certain Kronos time clock terminals with finger scanners, including Touch ID units and different models, and also utilized software licensed by Kronos to manage employee data obtained through the use of the finger scan units. The software

licensed by Kronos to Speedway is installed and hosted on computer servers owned by Speedway and physically located in Ohio, and is not hosted or operated by Kronos.

7.  The finger scan units detect unique characteristic points from a finger scan. Those features are converted by an algorithm to create a unique mathematical template for each employee. No finger scan and no image associated with it is stored or kept as part of the process.

8.  No data processed by the finger scan devices or the software is hosted by Kronos, managed by Kronos or systematically disclosed to Kronos.

9.  Kronos has provided to Speedway technical support or upgrades for the software related to the finger scan devices and on a single occasion, received the database containing Speedway employee finger scan templates. Kronos did not access the templates, and the database contained no employee identifying information, such as names, addresses, or social security numbers. Nor did Kronos use or disclose the template data in any way. Kronos permanently deleted that database within 60 days of receiving it.

10. Kronos does not store, host, receive or maintain Speedway employee data. Speedway hosts, operates and maintains the finger scan devices, the software and the data base related to the use of the finger scan devices for Speedway employees on Speedway's own computer servers.

I declare under penalty of perjury pursuant to 28 U.S.C. §1746 that the foregoing is true and correct.

Dated: _October 2, 2017_

Kostas Mallias