**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| CHRISTOPHER HOWE, individually and on behalf of all others similarly situated, | ) ) ) ) | |
| Plaintiff, | ) ) | No. 1:19-cv-01374 |
| v. | ) ) | Hon. John F. Kness |
| SPEEDWAY LLC, | ) ) | |
| Defendant. | ) ) ) ) | |

**SPEEDWAY LLC'S OPPOSITION TO PLAINTIFF'S**
**[RENEWED] MOTION FOR RULE 23 CLASS CERTIFICATION**

Tristan L. Duncan
SHOOK, HARDY & BACON L.L.P.
2555 Grand Boulevard
Kansas City, MO 64108
Tel: (816) 474-6550
tlduncan@shb.com

Matthew C. Wolfe
SHOOK, HARDY & BACON L.L.P.
111 South Wacker Drive
Chicago, IL 60606
Tel: (312) 704-7700
mwolfe@shb.com

**TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ...................................................................................................... ii

INTRODUCTION ...................................................................................................................... 1

ARGUMENT .............................................................................................................................. 2

I.    Howe's claims are not "typical" and he is not an adequate class representative................ 3

    A.    Howe cannot satisfy "typicality" under Rule 23(a)(2) because his claims are subject to individualized defenses, which also makes him an inadequate class representative under Rule 23(a)(4). ............................................. 3

        1.    Speedway's individualized defenses concerning Howe's conduct make him an inadequate class representative. ............................................ 4

        2.    Howe's claims are potentially time-barred. ................................................. 5

        3.    Speedway's defenses will force Howe to devote significant time and effort to defending his actions (or lack thereof), which jeopardize the interests of absent class members and render him an inadequate class representative. .................................................... 6

    B.    Howe failed to perform his fiduciary duty to monitor the case and putative class counsel.......................................................................................................... 7

        1.    Howe has a duty to monitor the case and class counsel. ............................ 7

        2.    Howe admitted that he failed to monitor this case. He did not even review the Complaint before filing. ............................................................ 8

        3.    Making matters worse, Howe does not even know who class counsel are or what they stand to take in fees from the class. .................... 9

II.    Class-wide issues do not predominate over individualized ones..................................... 10

III.    A class action is not the superior method of adjudication because the potential damages are grossly disproportionate to the harm alleged, and because BIPA is an "immature" cause of action.............................................................................................. 12

    A.    The procedure of a class action cannot abridge substantive doctrines, rules, and rights.................................................................................................... 12

    B.    A class action is not "superior" when it allows for damages that are disproportionate to the alleged harm and it abridges substantive rights protected by the Constitution and common law. ................................................ 12

    C.    "Immature" causes of action do not support a finding of superiority................... 16

CONCLUSION.......................................................................................................................... 17

i

Case: 1:19-cv-01374 Document #: 144 Filed: 12/17/21 Page 3 of 24 PageID #:3046

**TABLE OF AUTHORITIES**

**Page**

**Cases**

*Al Haj v. Pfizer Inc.*,
2020 WL 1330367 (N.D. Ill. Mar. 23, 2020)...................................................................5

*Alvarado v. International Laser Products, Inc.*,
2019 WL 337995 (N.D. Ill. June 19, 2019)..............................................................16

*Amchem Products, Inc. v. Windsor*,
521 U.S. 591 (1997)..................................................................................11, 17

*Arch v. Am. Tobacco Co.*,
175 F.R.D. 469 (E.D. Pa. 1997)............................................................................17

*Beaton v. SpeedyPC Software*,
907 F.3d 1018 (7th Cir. 2018) ..........................................................................2, 3, 11

*Blow v. Bijora, Inc.*,
855 F.3d 793 (7th Cir. 2017) ...................................................................................3

*Bryant v. Compass Group USA, Inc.*,
958 F.3d 617 (7th Cir. 2020) .................................................................................13

*Castano v. Am. Tobacco Co.*,
84 F.3d 734 (5th Cir. 1996) ...................................................................................16

*CE Design Ltd. v. King Architectural Metals, Inc.*,
637 F.3d 721 (7th Cir. 2011) ...........................................................................2, 3, 5

*Checkley v. Illinois Cent. R.R. Co.*,
257 Ill. 491 (1913) ..............................................................................................14

*China Agritech, Inc. v. Resh*,
138 S. Ct. 1800 (2018)............................................................................................6

*Clark v. Experian Info., Inc.*,
233 F.R.D. 508 (N.D. Ill. 2005), *aff'd*, 256 Fed. Appx. 818 (7th Cir. 2007) .........................11

*Cooper v. Aaron*,
358 U.S. 1 (1958)................................................................................................16

*Creative Montessori Learning Centers v. Ashford Gear LLC*,
662 F.3d 913 (7th Cir. 2011) ...................................................................................9

**Page**

*Eubank v. Pella Corp.*,
  753 F.3d 718 (7th Cir. 2014) ..............................................................................................7, 9

*FCC v. Fox Television Stations, Inc.*,
  567 U.S. 239 (2012)................................................................................................................13

*Feltmeier v. Feltmeier*,
  798 N.E.2d 75 (Ill. 2003) .........................................................................................................5

*Follis v. Watkins*,
  855 N.E.2d 579 (Ill. App. Ct. 2006) .........................................................................................5

*Fox v. Dakkota Integrated Sys., LLC*,
  980 F.3d 1146 (7th Cir. 2020) ................................................................................................13

*Greene v. Mizuho Bank, LTD.*,
  327 F.R.D. 190 (N.D. Ill. 2018)........................................................................................4, 5, 7

*Helms v. ConsumerInfo.com, Inc.*,
  236 F.R.D. 561 (N.D. Ala. 2005)............................................................................................15

*Hillis v. Equifax Consumer Services, Inc.*,
  237 F.R.D. 491 (N.D. Ga. 2006)............................................................................................15

*Howe v. Speedway LLC*,
  No. 17-CV-07303, 2018 WL 2445541 (N.D. Ill. May 31, 2018)....................................13, 16

*In re Allstate Corp. Securities Lit.*,
  966 F.3d 595 (7th Cir. 2020) ...................................................................................................3

*In re Facebook Biometric Information Privacy Litigation*,
  326 F.R.D. 535 (N.D. Cal. 2018), *aff'd sub nom. Patel v. Facebook, Inc.*, 932
  F.3d 1264 (9th Cir. 2019) .................................................................................................15, 16

*In re Trans Union Corp. Privacy Litig*,
  211 F.R.D. 328 (N.D. Ill. 2002)........................................................................................12, 14

*Karas v. Strevell*,
  860 N.E.2d 1163 (Ill. App. 2006), *aff'd in part, rev'd in part on other
  grounds*, 884 N.E.2d 122 (Ill. 2008)........................................................................................4

*Kleen Prod. LLC v. Int'l Paper Co.*,
  831 F.3d 919 (7th Cir. 2016) ..................................................................................................11

*Koos v. First Nat'l Bank of Peoria*,
  496 F.2d 1162 (7th Cir. 1974) .............................................................................................6, 7

**Page**

*Lipton v. Chattem, Inc.*,
  289 F.R.D. 456 (N.D. Ill. 2013)..................................................................................5

*London v. Wal-Mart Stores, Inc.*,
  340 F.3d 1246 (11th Cir. 2003) ...............................................................................15

*Lynch Imports, Ltd. v. Frey*,
  558 N.E.2d 484 (1990)..............................................................................................4

*McFields v. Dart*,
  982 F.3d 511 (7th Cir. 2020) ...................................................................................11

*Messner v. Northshore Univ. Healthsystem*,
  669 F.3d 802 (7th Cir. 2012) .........................................................................10, 11, 12

*Mullins v. Direct Digital, LLC*,
  795 F.3d 654 (7th Cir. 2015) ...................................................................................12

*Murray v. E-Trade Fin. Corp.*,
  240 F.R.D. 392 (N.D. Ill. 2006)...........................................................................9, 10

*Myers v. Hertz Corp.*,
  624 F.3d 537 (2d Cir. 2010)....................................................................................11

*Oshana v. Coca-Cola Co.*,
  472 F.3d 506 (7th Cir. 2006) ....................................................................................7

*Physicians Healthsource, Inc. v. Allscripts Health Solutions, Inc.*,
  254 F. Supp. 3d 1007 (N.D. Ill. 2017) .......................................................................8

*Pruitt v. Pers. Staffing Grp., LLC*,
  2020 WL 3050330 (N.D. Ill. June 8, 2020)..............................................................6, 8

*Randall v. Rolls-Royce Corp.*,
  637 F.3d 818 (7th Cir. 2011) ....................................................................................7

*Roberson v. Symphony Post Acute Care*,
  2019 IL App (5th) 190144-U....................................................................................16

*Roberts v. FFP Advisory Servs., Inc.*,
  2008 WL 516716 (N.D. Miss. Feb. 25, 2008) ..........................................................17

*Sherwin v. Samsung Elecs. Am., Inc.*,
  2019 WL 10854535 (N.D. Ill. 2019) ...................................................................3, 5, 6

*Spikings v. Cost Plus, Inc.*,
  2007 LEXIS 44214 (C.D. Cal. May 25, 2007) ..........................................................15

**Page**

*State Farm Mut. Auto Ins. Co. v. Campbell*,
    538 U.S. 408 (2003) ...................................................................................................13

*Whitney v. Khan*,
    330 F.R.D. 172 (N.D. Ill. 2019) ................................................................................3

*Wilcox v. Commerce Bank of Kansas City*,
    474 F.2d 336 (10th Cir. 1973) ..................................................................................15

*Wisc. Dep't of Revenue v. William Wrigley, Jr., Co.*,
    505 U.S. 214 (1992) ...................................................................................................14

*Wooley v. Jackson Hewitt, Inc.*,
    2011 WL 1559330 (N.D. Ill. Apr. 25, 2011) ............................................................11

**Statutes**

Illinois Biometric Privacy Information Act ("BIPA"), 740 ILCS 14/1 *et seq.* ...................... *passim*

Rules Enabling Act, 28 U.S.C. § 2071 *et seq.* ..........................................................................12, 15

**Rules**

FED. R. CIV. P. 23 ................................................................................................................. *passim*

**Other Authorities**

Wright & Miller, 7A FED. PRAC. & PROC. CIV. (4th ed. 2021) .................................................7, 12

AM. L. PROD. LIAB. 3d § 51:82 ..................................................................................................16

MCLAUGHLIN ON CLASS ACTIONS (18th ed. 2021) ...................................................................8, 16

Veech & Moon, *De Minimis Non Curat Lex*, 45 MICH. L. REV. 537, 542 & 551–
    53 (1947) ....................................................................................................................15

**INTRODUCTION**

Howe's Renewed Motion for Class Certification ("Motion") should be denied for four reasons: (1) Howe's conduct subjects him to individual defenses and his claims are not typical of the class; (2) for multiple reasons, he is not an adequate class representative; (3) common issues do not predominate over individual ones; and (4) the facts demonstrate that a class action is not the superior method for adjudicating these claims.

Howe testified that from the beginning of his employment in September 2015, he knowingly and voluntarily used the finger-scan timeclocks. He admitted that he knew how the timeclocks worked and, irrespective of Speedway's disclosures, he would have continued to use them. Howe, therefore, is subject to individualized defenses such as waiver, assumption of risk, and the applicable statute of limitations. In other words, Howe's conduct demonstrates that his claims are not "typical," which renders him an inadequate class representative. Speedway's defenses to Howe's individual claims and the amount of time and energy he will expend defending his conduct also demonstrate that common issues do not predominate over individual ones.

Howe's lack of interest in being a class representative is yet another reason why he is inadequate. Howe admitted that he failed to adequately monitor the case and counsel, and he has shown no interest in protecting the interests of absent class members. To that end, the record is clear. When shown the Complaint at his deposition, Howe admitted that he had never seen it. Nor had he reviewed or approved other documents his counsel filed or served. He knew nothing of his fee arrangement with class counsel, how much in fees counsel would take from the class, and had never heard of one of the two firms that seek to serve as co-class counsel. Such conduct is not that of an adequate class representative. Howe's Motion gives all of these facts short

shrift, offering a single boilerplate line in counsel's declaration. These facts demonstrate that Howe falls well short of satisfying the requirements of an adequate class representative.

Finally, a class action is not the superior method of adjudication because the potential damages—potentially tens of millions of dollars—are grossly disproportionate to the alleged harm, which consists of no financial, physical, or other demonstrable harm aside from a bare procedural violation of BIPA. *See* Dkt. 67 at 14–16 (Plaintiff's opposition to Speedway's August 2020 MSJ, making clear that this is Plaintiff's counsel's theory of the case). The record amply demonstrates that Howe did not care about the injury that Plaintiff's counsel alleged he purportedly incurred. Despite these concerns, Plaintiff's counsel proceeds full steam ahead, seeking millions of dollars in statutory damages for alleged procedural violations of BIPA Sections 15(a) and 15(b). In these circumstances, a class action is not the superior method of adjudication, and the requirements of Rule 23 are not met—providing another reason to deny class certification.

For all these reasons, Plaintiff's motion for class certification should be denied.

## ARGUMENT

This Court must conduct a "rigorous analysis" before certifying a class. *CE Design Ltd. v. King Architectural Metals, Inc.*, 637 F.3d 721, 723 (7th Cir. 2011). To do so, the Court must find that Howe proved by a preponderance of the evidence that the putative class meets each of the four requirements of Federal Rule of Civil Procedure 23(a): "numerosity, typicality, commonality, and adequacy of representation," and one of the three provisions of Rule 23(b). *Beaton v. SpeedyPC Software*, 907 F.3d 1018, 1025 (7th Cir. 2018); *see also* FED. R. CIV. P. 23. Because Howe seeks certification under Rule 23(b)(3), he "must also show that questions of law or fact common to the class members predominate over individualized issues and that a class

2

action is the superior method of adjudicating the case." *Whitney v. Khan*, 330 F.R.D. 172, 175 (N.D. Ill. 2019) (citations omitted).

Rule 23's factors "are not merely pleading requirements. Parties seeking class certification must prove that they can actually satisfy them." *In re Allstate Corp. Securities Lit.*, 966 F.3d 595, 603 (7th Cir. 2020). The district court must "rigorously analyze" whether a plaintiff has satisfied his burden. *Beaton*, 907 F.3d at 1025 (citing *Blow v. Bijora, Inc.*, 855 F.3d 793, 806 (7th Cir. 2017)). Here, Howe fails to show that his claims are typical of other class members, that he is an adequate class representative, that common issues predominate over individualized ones, or that a class action is the superior method of adjudicating his claims. As such, his Motion should be denied.

**I.      Howe's claims are not "typical" and he is not an adequate class representative.**

    **A.      Howe cannot satisfy "typicality" under Rule 23(a)(2) because his claims are subject to individualized defenses, which also makes him an inadequate class representative under Rule 23(a)(4).**

Howe cannot satisfy Rule 23(a)(2) (typicality) or Rule 23(a)(4) (adequacy) because Speedway has strong defenses specific to his individual claims. Speedway's burden is not a high one. In fact, "[t]he presence of even an arguable defense peculiar to the named plaintiff or a small subset of the plaintiff class may destroy the required typicality of the class as well as bring into question the adequacy of the named plaintiff's representation." *CE Design*, 637 F.3d at 726 (class certification vacated based on potential consent defense applicable to class representative). The defense does not need to be a "slam dunk; it <u>need only be arguable</u>." *Sherwin v. Samsung Elecs. Am., Inc.*, 2019 WL 10854535, at *2 (N.D. Ill. 2019) (denying class certification based on arguable statute of limitations defense) (emphasis added). As discussed next, Speedway's defenses based on Howe's own conduct render his claims atypical and his representation inadequate.

3

### 1. Speedway's individualized defenses concerning Howe's conduct make him an inadequate class representative.

Howe testified that he understood the timeclocks used "the ridges and marks on [his] finger to identify [him] and track [his] hours." Ex. A (Howe Dep.), 80:13-20. He further testified that regardless of whether Speedway had provided him with letter-perfect, BIPA-specific disclosures, he would have continued to use the timeclocks. *Id.* at 81:11–82:4. As discussed in Speedway's summary judgment filings, which Speedway incorporates by reference herein, Howe's actions and testimony are sufficient to prove both waiver and assumption of the risk. *See* Dkt. 60, pp. 8–10. Howe's actions and testimony likewise show that his purported injury was not foreseeable and therefore Speedway did not act negligently or recklessly. *See* Dkt. 125, pp. 25–27.

These issues demand individualized proof. *See*, *e.g.*, *Karas v. Strevell*, 860 N.E.2d 1163, 1180 (Ill. App. 2006), *aff'd in part, rev'd in part on other grounds*, 884 N.E.2d 122 (Ill. 2008) ("assumption of the risk requires the plaintiff's subjective appreciation of the risk"); *Lynch Imports, Ltd. v. Frey*, 558 N.E.2d 484, 489 (1990) (waiver is a "subjective fact question[]"). In similar situations, the Seventh Circuit and district courts within it have repeatedly held that a class cannot be represented by a plaintiff whose actions and testimony support individualized defenses, especially where they undermine other class members' theory of the case.

For example, in *Greene v. Mizuho Bank, LTD.*, the plaintiff's class action complaint alleged that he and others had invested in bitcoin on a certain exchange based on the ability to withdraw bitcoin freely as fiat currency. 327 F.R.D. 190, 191–92 (N.D. Ill. 2018). At his deposition, however, the named plaintiff alleged that this ability was "*not* material to his investment decision." *Id.* at 196 (emphasis in original). The plaintiff therefore "severely undermined his ability to prove injury from [the defendant's] conduct." *Id.* Accordingly, the

plaintiff's "adequacy founder[ed] on his being subject to particular defenses" that may not necessarily have been applicable to the class as a whole. *Id.* at 195 (citing many similar cases).

Many other cases are in accord. *See*, *e.g.*, *CE Design*, 637 F.3d at 726 (vacating class certification because the named plaintiff was subject to arguable consent defense); *Al Haj v. Pfizer Inc.*, 2020 WL 1330367, at *3 (N.D. Ill. Mar. 23, 2020) (denying class certification where plaintiff testified she continued to purchase the allegedly misleading product even after she learned of the alleged false labeling); *Sherwin*, 2019 WL 10854535, at *3 (denying class certification based on the plaintiff's testimony regarding when her claim accrued); *Lipton v. Chattem, Inc.*, 289 F.R.D. 456, 459–60 (N.D. Ill. 2013) (denying class certification where plaintiff testified she would have purchased the allegedly misleading product even if it included the disclosures she sought).

### 2. Howe's claims are potentially time-barred.

As Speedway explained in its October 25, 2021 motion for summary judgment, Howe's claims, which accrued when he first scanned his finger, were asserted past the applicable one-year deadline. Dkts. 111, 112. The question of when Howe's claim first accrued is a factual question unique to him. Specifically, a claim accrues, and the limitations period begins to run, when "facts exist that authorize one party to maintain an action against another." *Feltmeier v. Feltmeier*, 798 N.E.2d 75, 85 (Ill. 2003). Here, Howe knew (or should have known) that his finger was being scanned the first time he used a finger-scan timeclock in September 2015. At that point, he was on notice of any claim he may have had against Speedway, and the limitations period began to run. Even if the Court finds that a genuine issue of fact exists about when Howe's claim accrued, that will create a fact question for the jury to decide. *Follis v. Watkins*, 855 N.E.2d 579, 587 (Ill. App. Ct. 2006) ("Generally, the questions of the timeliness of plaintiff['s] complaint and the time the statute of limitations begins to run are questions of

5

fact[.]”).

Like waiver, this statute of limitations defense is specific to Howe based on his actions and testimony, and renders him an inadequate class representative. *Pruitt v. Pers. Staffing Grp., LLC*, 2020 WL 3050330, at *8–9 (N.D. Ill. June 8, 2020) (class certification denied because plaintiff was “arguably” subject to a statute of limitations defense); *see also Sherwin*, 2019 WL 10854535, at *4 (granting a motion to strike class allegations because the named plaintiff’s claims were arguably barred by the statute of limitations); *cf. China Agritech, Inc. v. Resh*, 138 S. Ct. 1800, 1808 (2018) (“A would-be class representative who commences suit after expiration of the limitation period, however, can hardly qualify as diligent in asserting claims and pursuing relief.”).

> **3. Speedway’s defenses will force Howe to devote significant time and effort to defending his actions (or lack thereof), which jeopardize the interests of absent class members and render him an inadequate class representative.**

Any of the above individualized defenses are sufficient to render Howe an inadequate class representative whose claims are not typical of the class. But when taken together, the defenses become particularly problematic as to typicality and Howe’s adequacy because, if summary judgment is not granted, Howe will be forced to devote significant effort “to [his] own problems” at trial. *Koos v. First Nat’l Bank of Peoria*, 496 F.2d 1162, 1164–65 (7th Cir. 1974). Howe will be forced to explain how he had not waived his rights when he voluntarily came to work and put his finger on a timeclock every day, and would have done so even if he had received letter-perfect BIPA disclosures. He will also have to explain why he did not know that his rights were purportedly invaded the first time he put his finger on a timeclock back in 2015, more than a year before he filed suit. Howe will have to spend considerable energy on these and other issues that will conflict with the putative class members’ interests.

6

These detours make Howe an inappropriate class representative. Indeed, for almost forty years, the Seventh Circuit has recognized that when "a major focus of the litigation will be on an arguable defense unique to the named plaintiff or a small subclass, then the named plaintiff is not a proper class representative." *Koos*, 496 F.2d at 1164–65 ("A representative plaintiff should not be permitted to impose such a disadvantage on the class.").

These individualized defenses also render Howe's claims "significantly weaker" than those of other class members. And because the individualized defenses are "compelling and would make [Howe's] claims significantly weaker than those of some (perhaps many) other class members, he is not an adequate class representative." *Greene*, 327 F.R.D. at 195–97 (N.D. Ill. 2018) (quotations omitted); *Randall v. Rolls-Royce Corp.*, 637 F.3d 818, 824 (7th Cir. 2011) (upholding the denial of class certification where the named plaintiffs' claims were "significantly weaker than those of some (perhaps many) other class members."); *see also*, *e.g.*, *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 514 (7th Cir. 2006) (same, citing Rule 23(a)(3)); *Koos*, 496 F.2d at 1164–65 (same).

### B. Howe failed to perform his fiduciary duty to monitor the case and putative class counsel.

#### 1. Howe has a duty to monitor the case and class counsel.

Rule 23(a)(4) requires that the "representative parties will fairly and adequately protect the interests of the class." FED. R. CIV. P. 23(a)(4). "The named plaintiffs are the representatives of the class—fiduciaries of its members—and therefore charged with monitoring the lawyers who prosecute the case on behalf of the class." *Eubank v. Pella Corp.*, 753 F.3d 718, 719 (7th Cir. 2014); *see also* Wright & Miller, 7A FED. PRAC. & PROC. CIV. § 1766 (4th ed. 2021) (class representative must "assure the vigorous prosecution or defense of the action so that the members' rights are certain to be protected").

"Putative representatives must do more than lend their names to a lawsuit that is controlled by class counsel." McLaughlin on Class Actions § 4.29 (18th ed. 2021) (collecting cases). A class representative "cannot simply shift [his] duties to class counsel" by "allowing counsel to run the case with little or no involvement from him." *Pruitt*, 2020 WL 3050330, at *5. Doing so is "inconsistent with a class representative's responsibility of monitoring class counsel and protecting the interests of absent class members." *Id.*; *see also Physicians Healthsource, Inc. v. Allscripts Health Solutions, Inc.*, 254 F. Supp. 3d 1007, 1023–24 (N.D. Ill. 2017) ("A plaintiff who seeks to be the class representative cannot simply shift its duties to class counsel. . . . Figurehead plaintiffs are not permitted.").

Accordingly, an "adequate class representative must have an understanding of the basic facts underlying the claims, some general knowledge of the case, and a willingness and ability to participate in discovery." *Pruitt*, 2020 WL 3050330, at *4. Thus, courts "have repeatedly emphasized the importance of class representatives having reviewed court papers prior to filing, answering interrogatories (obviously in a truthful way), conferring with attorneys about the prosecution of the action, and understanding the facts of the case." *Id.* Particularly pertinent here, "a representative who fails to even review the complaint before filing . . . cannot make informed decisions regarding the litigation and therefore is not adequate." McLaughlin on Class Actions § 4.29 (citing *Pruitt*, 2020 WL 3050330, at *4 and numerous other cases).

> **2.      Howe admitted that he failed to monitor this case. He did not even review the Complaint before filing.**

Howe admitted at his deposition that he was not monitoring this case or the actions of class counsel. In fact, he had never seen the Complaint until Speedway's counsel showed it to him <u>at his deposition almost two years after it was filed</u>:

> Q: Mr. Howe, this is Exhibit 4. It's the class action complaint filed in this case. Do you remember, did you review the complaint before it was filed?
>
> A: No.
>
> Q: Do you know if any information provided by you to your lawyers was used in preparing the complaint?
>
> A: I don't know. I'd have to look it over.
>
> Q: Have you ever seen it before?
>
> A: No.

Ex. A at 78:9-78:19.

Nor had Howe reviewed other documents his attorneys submitted:

> Q: Have you reviewed or approved any documents that your attorneys have submitted in this case?
>
> A: No.

*Id.* at 109:11–14.

Howe's Motion fails to adequately address these problems, offering only vague platitudes from counsel that Howe "assisted" in the case and sat for a deposition. *See* Dkt. 126 at 14–15. Counsel's platitudes cannot cover up Howe's utter failure to monitor this case and protect the interests of absent class members.

### 3. Making matters worse, Howe does not even know who class counsel are or what they stand to take in fees from the class.

The class representative has a fiduciary duty to monitor class counsel and represent the interests of absent class members. This includes, among other things, ensuring "that class counsel does not take an excessive fee award at the expense of the class's monetary award." *Murray v. E-Trade Fin. Corp.*, 240 F.R.D. 392, 399 (N.D. Ill. 2006); *see also, e.g., Eubank*, 753 F.3d at 723–24 (discussing the "grave" problems associated with a class representative who does not or will not monitor class counsel); *Creative Montessori Learning Centers v. Ashford Gear*

*LLC*, 662 F.3d 913, 917 (7th Cir. 2011) (explaining reasons the incentives of class counsel require adequate monitoring).

Howe has failed to act as a fiduciary to the class because he does not know his fee arrangement with counsel, other than (when prompted through questioning) that it is a contingency fee. Ex. A at 103:16–104:16. Nor had he ever considered who was responsible for paying litigation costs. *Id.* In fact, Howe does not even know if he has a written engagement letter with counsel. *Id.* at 85:22–86:4. And until shown the Complaint (for the first time ever) at his deposition, he had never heard of proposed co-class counsel Edelson P.C.—so obviously he does not know which lawyers are doing what or how they propose to share any fee they might recover. *Id.* at 94:24–95:18 (Q: "Have you ever heard of [Edelson P.C.] before?" A: "No.").

If the class representative does not know who the lawyers are, what they are doing, or how they propose to be paid, he cannot fulfill his basic duties under Rule 23(a)(4). *See Murray*, 240 F.R.D. at 399. That is exactly the case here. Howe does not know how much in fees proposed class counsel intends to take from the class, or even how many law firms are involved. These facts demonstrate that Howe is nothing more than a "figurehead" plaintiff who delegated his fiduciary duties as class representative to class counsel, and did nothing to protect the interests of absent class members. This, combined with Speedway's individualized defenses to Howe's claims, make him an inadequate class representative.

## II. Class-wide issues do not predominate over individualized ones.

Howe has also failed to demonstrate that class issues predominate over individual ones. "Rule 23(b)(3) permits class certification only if the questions of law or fact common to class members predominate over questions that are individual to members of the class." *Messner v. Northshore Univ. Healthsystem*, 669 F.3d 802, 814 (7th Cir. 2012) (quotations omitted). "While similar to Rule 23(a)'s requirements for typicality and commonality, the predominance criterion

is far more demanding." *Id.* (citing *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 623–24 (1997)) (quotations omitted). Indeed, "[s]atisfying predominance requires more than a tally of common questions; the district court must consider their relative importance." *McFields v. Dart*, 982 F.3d 511, 519 (7th Cir. 2020) (citing *Beaton v. SpeedyPC Software*, 907 F.3d 1018, 1029 (7th Cir. 2018)) (quotations omitted).

Common issues do not predominate where "affirmative defenses will require a person-by person evaluation of conduct to determine whether [a defense] precludes individual recovery." *Clark v. Experian Info., Inc.*, 233 F.R.D. 508, 512 (N.D. Ill. 2005), *aff'd*, 256 Fed. Appx. 818 (7th Cir. 2007)). Resolving individual affirmative defenses cannot be delayed until trial; courts must consider potential defenses in determining whether predominance is satisfied at the class certification stage. *See Wooley v. Jackson Hewitt, Inc.*, 2011 WL 1559330, at *11 (N.D. Ill. Apr. 25, 2011) (citing *Myers v. Hertz Corp.*, 624 F.3d 537, 551 (2d Cir. 2010)).

Class certification is inappropriate here because Speedway's defenses concerning Plaintiff's and class members' conduct, such as waiver, overwhelm common issues. The Court cannot assume that one or all of these defenses apply to every class member in the same way. Rather, each defense requires an examination of each class member's actions and subjective intent. *See* Section I.A, *supra*. These examinations cannot be resolved on a class-wide basis. Because common questions (if any) will be overwhelmed by individual determinations, class certification must be denied. *See Kleen Prod. LLC v. Int'l Paper Co.*, 831 F.3d 919, 925 (7th Cir. 2016) (Predominance is only satisfied when "common questions represent a significant aspect of a case and . . . can be resolved for all members of a class in a single adjudication.") (citing *Messner*, 669 F.3d at 815).

**III.    A class action is not the superior method of adjudication because the potential damages are grossly disproportionate to the harm alleged, and because BIPA is an "immature" cause of action.**

> **A.    The procedure of a class action cannot abridge substantive doctrines, rules, and rights.**

Rule 23 is a procedural rule issued pursuant to the Rules Enabling Act, 28 U.S.C. § 2071 *et seq*. As such, it may not "abridge, enlarge or modify any substantive right." 28 U.S.C. § 2072(b). Rule 23 recognizes this by providing, among other things, that before a class can be certified, the moving party must demonstrate that "a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." FED. R. CIV. P. 23(b)(3).

When determining whether a class action is superior to other methods of adjudication, courts consider "both the costs and benefits of the class device." *Mullins v. Direct Digital, LLC*, 795 F.3d 654, 663–64 (7th Cir. 2015) (emphasis omitted) (*citing* 7A Wright et al., Federal Practice & Procedure § 1780). Courts must do so in part because of the "*in terrorem* character of a class action"—that is, even if "a class's claim is weak, the sheer number of class members and the potential payout that could be required . . . might force a defendant to settle a meritless claim." *See Messner*, 669 F.2d at 825. Thus, it is well-established that courts have discretion to deny class certification where doing so would bring about "undesirable result[s]." FED. R. CIV. P. 23, 1966 Amendment, Notes of Advisory Committee.

> **B.    A class action is not "superior" when it allows for damages that are disproportionate to the alleged harm and it abridges substantive rights protected by the Constitution and common law.**

A class action is not the "superior" method of adjudication where potential damages are disproportionate to the actual harm alleged. *See, e.g.*, *In re Trans Union Corp. Privacy Litig*, 211 F.R.D. 328, 350–51 (N.D. Ill. 2002) (superiority lacking where statutory damages would be "grossly disproportionate" to any actual injury or damages). That is the case here.

12

Importantly, the Due Process Clause of the Fourteenth Amendment "prohibits the imposition of grossly excessive or arbitrary punishments" in civil suits, especially without fair notice. *State Farm Mut. Auto Ins. Co. v. Campbell*, 538 U.S. 408, 416–17 (2003); *FCC v. Fox Television Stations, Inc.*, 567 U.S. 239, 253 (2012). "The reason is that elementary notions of fairness . . . dictate that a person receive fair notice not only of the conduct that will subject him to punishment, but also of the severity of the penalty[.]" *State Farm*, 538 U.S. at 416–17.

Here, the severity of Speedway's potential damages is grossly disproportionate to the technical harm alleged and contrary to the facts. As explained in its October 2021 Motion for Summary Judgment, Speedway had no reason to believe it needed to comply with BIPA, because it has always understood (accurately) that it was not collecting, and still does not collect, fingerprints. *See* Dkt. 125 at 24–25. Furthermore, Speedway at all times had appropriate privacy and data-retention policies in place, *see id.*, and even Howe does not dispute that Speedway was in compliance with all of BIPA's terms within two months after the Complaint was filed. Dkt. 126 at 6–7 (Howe's class certification motion, acknowledging Speedway was BIPA compliant no later than November 1, 2017).

In addition, Howe readily admits that he alleges no injury other than, at most, a bare procedural violation of BIPA's disclosure provisions. He was not deceived, surprised, or fooled. *See* Ex. A at 80:13-20. Howe's testimony adds strength to Judge Wood's early observation that "any reasonable person should have known that his biometric data was being collected." *Howe v. Speedway LLC*, No. 17-CV-07303, 2018 WL 2445541, at *6 (N.D. Ill. May 31, 2018).[1] Based on these facts, it's likely that other class members would have continued to use finger-scan

---

[1] Judge Wood's holding that there was no Article III standing was later abrogated by Seventh Circuit decisions addressing Article III standing in BIPA cases. *E.g.*, *Bryant v. Compass Group USA, Inc.*, 958 F.3d 617 (7th Cir. 2020) (Article III standing for BIPA Section 15(b) claim); *Fox v. Dakkota Integrated Sys., LLC*, 980 F.3d 1146 (7th Cir. 2020) (Article III standing for BIPA Section 15(a) claim like Howe's).

timekeeping regardless of Speedway's conduct. *See id.* ("proper compliance with BIPA's disclosure and written authorization requirements would only have made explicit what should have already been obvious").

Despite this, Howe seeks to represent a class of more than 7,200 people, each seeking $1,000 to $5,000 for each of the two alleged BIPA violations. Dkt. 126 at 7, 9; Dkt. 1-1, Prayer for Relief. Thus, if a class were certified, Plaintiff's counsel could potentially seek $14.4 million to $72 million in damages plus attorneys' fees and costs (Speedway of course disputes these figures and that any damages should be awarded). *See* 740 ILCS 14/20 (providing for liquidated damages and fee-shifting). Plaintiff's counsel seeks these exorbitant damages—even though there is no evidence of financial, physical, or other tangible harm to Howe or the putative class members—for alleged statutory violations for which no fair notice existed and about which Howe admits he really does not care.

Certifying a class under these circumstances would violate Rule 23(b)(3)'s superiority requirement. Where potential damages are out of proportion to the harm suffered by plaintiffs, allowing a class action would deprive Speedway of due process. *See*, *e.g.*, *Trans Union*, 211 F.R.D. 350–51. The common law's *de minimis non curat lex* doctrine ("the law cares not for trifles") also prohibits plaintiffs from embroiling the judiciary in what essentially amounts to quibbling over procedural technicalities. The doctrine is designed to protect the institutional integrity of the Court and maximize the efficient and just resolution of disputes. *E.g.*, *Checkley v. Illinois Cent. R.R. Co.*, 257 Ill. 491, 499–500 (1913) (affirming dismissal of case even though a "technical trespass" undisputedly occurred; "the law does not concern itself with trifles").[2] It

---

[2] The doctrine discussed in *Checkley* is "part of the established background of legal principles against which all enactments are adopted." *Wisc. Dep't of Revenue v. William Wrigley, Jr., Co.*, 505 U.S. 214, 231 (1992). It is substantive doctrine whose purpose is to help courts from becoming bogged down on

14

thus provides additional doctrinal heft to Rule 23's requirement that "a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." FED. R. CIV. P. 23(b)(3). Here, Rule 23's superiority requirement is not met because the Rules Enabling Act, as well as constitutional and common law principles, foreclose class certification.

The opinion in *Hillis v. Equifax Consumer Services, Inc.*, 237 F.R.D. 491 (N.D. Ga. 2006) is instructive. There, the plaintiff sought relief for an alleged statutory violation. The court noted that an adverse award was unlikely "to put [d]efendants out of business," but nonetheless found that "such an exorbitant [damages] amount is still far out of proportion to the conduct alleged in this case." *Id.* The court therefore denied plaintiff's motion for class certification. *Id.*; *see also*, *e.g., London v. Wal-Mart Stores, Inc.*, 340 F.3d 1246, 1255 n.5 (11th Cir. 2003) (doubting superiority was satisfied because "the plaintiffs suffered no economic harm" and "defendants' potential liability would be enormous and completely out of proportion to any harm"); *Wilcox v. Commerce Bank of Kansas City*, 474 F.2d 336, 347 (10th Cir. 1973) (affirming denial of class certification where "aggregated relief would be oppressive in consequence and difficult to justify"); *Spikings v. Cost Plus, Inc.*, 2007 LEXIS 44214, at *9 (C.D. Cal. May 25, 2007) (collecting cases where certification denied "based on the disproportionality of a damage award that has little relation to the harm actually suffered by the class, and on the due process concerns attendant upon such an impact"); *Helms v. ConsumerInfo.com, Inc.*, 236 F.R.D. 561 (N.D. Ala. 2005) (class action not superior because class damages were "disproportionately large when compared to Defendant's actual conduct").

Moreover, the facts here are vastly different than the only published decision ever to address class certification in a BIPA case, the non-binding *In re Facebook Biometric Information*

---

matters involving *de minimis* harm. Veech & Moon, *De Minimis Non Curat Lex*, 45 MICH. L. REV. 537, 542 & 551–53 (1947).

*Privacy Litigation*, 326 F.R.D. 535 (N.D. Cal. 2018), *aff'd sub nom. Patel v. Facebook, Inc.*, 932 F.3d 1264 (9th Cir. 2019).[3] The *Facebook* court made clear that the case was about the non-consensual collection of face scans from unwitting Facebook users, not the use of finger-scan timeclocks. *Id.* at 547 ("an express request for a fingerprint scan is a far cry from the situation here"). Unlike *Facebook*, in this case "any reasonable person" would know that they were submitting to a finger scan. *See Howe*, 2018 WL 2445541, at *6; Ex. A at 80:13–20 (Howe's own testimony). Thus, the disparity between the alleged "harm" and the damages sought in this case is significantly greater than in *Facebook*, making the superiority problem much more severe.[4]

**C.      "Immature" causes of action do not support a finding of superiority.**

Finally, as recognized by courts in the Fifth and Third Circuits, a class action is not the superior method of adjudication for "immature" or "novel" causes of action like BIPA, because there is "no track record of trials necessary to support a superiority analysis." *See* Immature torts, AM. L. PROD. LIAB. 3d § 51:82; *Castano v. Am. Tobacco Co.*, 84 F.3d 734, 747 (5th Cir. 1996) ("[C]ertification of an immature tort results in a higher than normal risk that the class action may not be superior to individual adjudication."); MCLAUGHLIN ON CLASS ACTIONS §

---

[3] Howe also relies on a district court opinion in which class certification was not contested and the only disputes were about language in the class notice, *Alvarado v. International Laser Products, Inc.*, 2019 WL 337995 (N.D. Ill. June 19, 2019), and an unpublished decision of a St. Clair County, Illinois Circuit Court, which was later narrowed on appeal because it over broadly defined the class. *See Roberson v. Symphony Post Acute Care*, 2019 IL App (5th) 190144-U. Those decisions contain little relevant analysis—and have no bearing on the issues here. If anything, the fact that the Circuit Court's opinion in *Roberson* was modified on appeal supports Speedway's position that the Court must conduct a rigorous analysis based on the complete record in this case.

[4] The *Facebook* court also concluded that billions in statutory damages were permitted because the Illinois legislature had not foreclosed class actions. But this reasoning overlooks that the Illinois legislature cannot override Due Process through legislation. *See, e.g.*, *Cooper v. Aaron*, 358 U.S. 1, 17 (1958) (constitutional rights cannot be "nullified openly and directly by state legislators").

16

5:66 (18th ed.) ("Courts generally deny class certification when there is no 'prior track record' of trials from which the court can draw the information necessary to determine superiority.").

Not a single BIPA case has proceeded to trial, so "any savings in judicial resources is speculative, and any imagined savings would be overwhelmed by the procedural problems that certification of [such a] cause of action brings with it" to the point that it "may consume more judicial resources than certification will save." *Roberts v. FFP Advisory Servs., Inc.*, 2008 WL 516716, at *2 (N.D. Miss. Feb. 25, 2008); *Arch v. Am. Tobacco Co.*, 175 F.R.D. 469, 495 (E.D. Pa. 1997) ("Any attempt to make a superiority determination in the absence of a prior track record of individual trials is necessarily based on speculation.").[5]

This Court has an independent obligation to apply Rule 23 and determine whether a class action is superior method of adjudication. *Amchem*, 521 U.S. at 615–16 (court must take a "close look" at superiority before a case can be "accepted as a class action"). The Court should not allow a procedural device to elevate form over substance. If this case is allowed to proceed at all, it should do so as an individual lawsuit.

## CONCLUSION

For the foregoing reasons, the Court should deny Plaintiff's motion for class certification.

Dated:  December 17, 2021                    Respectfully submitted,

                                             SPEEDWAY LLC

                                             By: _/s/ Tristan L. Duncan_
                                             One of Its Attorneys

---

[5] Although this principle is often referred to as the "immature tort theory," it also refers to "new cause[s] of action" like BIPA. *Arch v. Am. Tobacco Co.*, 175 F.R.D. 469, 494 (E.D. Pa. 1997). This makes sense, because without a history of prior trials, a court can only speculate as to whether a class action is the superior method of adjudication. This principle holds true regardless of whether the new cause of action arises in tort or from statute.

17

## CERTIFICATE OF SERVICE

I, Matthew C. Wolfe, an attorney, hereby certify that on **December 17, 2021**, I caused a true and correct copy of **SPEEDWAY LLC'S OPPOSITION TO PLAINTIFF'S [RENEWED] MOTION FOR RULE 23 CLASS CERTIFICATION** to be served on counsel of record via ECF pursuant to the General Order on Electronic Filing of the United States District Court, Northern District of Illinois.


*/s/ Matthew C. Wolfe*

4882-0742-9121