# EXHIBIT 1

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| **CHRISTOPHER HOWE, individually, and on behalf of all others similarly situated,** | ) ) ) ) | |
| **Plaintiff,** | ) ) | **Case No. 1:19-cv-01374** |
| **vs.** | ) ) | **Hon. Edmond E. Chang** |
| **SPEEDWAY LLC,** | ) ) | |
| **Defendant.** | ) ) | |

## CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE

This Class Action Settlement Agreement and Release ("Settlement Agreement" or "Settlement") is made and entered into by and between Plaintiff CHRISTOPHER HOWE ("Plaintiff"), on behalf of himself and each member of the Class as defined below, and Defendant SPEEDWAY LLC ("Defendant" or "Speedway") (together with Plaintiff, the "Parties").

## RECITALS

A.    Plaintiff Christopher Howe filed the Class Action Complaint on September 1, 2017, seeking redress for himself and all other individuals who used a biometric time tracking system during the course of their employment with Defendant in Illinois. Plaintiff alleges Defendant violated the Illinois Biometric Information Privacy Act ("BIPA" or "Act"), 740 ILCS § 14/1, *et seq.*, by collecting, otherwise obtaining, storing, using, and disseminating their biometric identifiers and biometric information (collectively, "biometric data") while not complying with BIPA's requirements. Specifically, the Class Action Complaint alleges Speedway violated Sections 15(a), (b) and (d) of BIPA[1] – its publicly-available policy, informed consent, and

---

[1] Plaintiff also asserted a negligence claim.

unauthorized disclosure requirements. *See* 740 ILCS § 14/15(a), (b) and (d).

B.      On May 29, 2019, Speedway filed a first amended answer to the Class Action Complaint, denying all material allegations and asserting seventeen (17) affirmative defenses.

C.       After the pleadings were closed, the parties engaged in significant fact and expert discovery.

D.      Speedway filed two motions for summary judgment, on August 18, 2020, and October 25, 2021, both of which Plaintiff opposed and the parties fully briefed.

E.      On October 25, 2021, Speedway moved to exclude the testimony of Plaintiff's expert Christopher Daft, which Plaintiff opposed and the parties fully briefed.

F.      On October 25, 2021, Plaintiff moved to certify the class under Rule 23(b)(3), and filed a renewed motion for class certification on October 29, 2021, which Speedway contested and the Parties fully briefed.

G.      On September 29, 2024, the Court issued a Memorandum Opinion and Order denying Defendant Speedway's two motions for summary judgment, granting in part and denying in part Speedway's motion to exclude the opinions of Christopher Daft, and granting Plaintiff Howe's motion for class certification.

H.      Following the Court's opinion, the Parties engaged in settlement negotiations and ultimately agreed to participate in private mediation with the Honorable Morton Denlow on March 20, 2025. As a result of the mediation, the Parties agreed to and executed a Class Action Settlement Term Sheet, which set for the principal terms of a class-wide settlement.

I.      Defendant provided Plaintiff and Class Counsel a Declaration of a Speedway representative who has personal knowledge of how the class list was created and Speedway's efforts to comply with BIPA. The declaration states that there are 7,697 individuals in the Class,

including the Plaintiff. The declaration further states that Speedway instituted a BIPA-specific compliance process as of November 1, 2017, and that it was in effect from November 1, 2017 through the date Speedway stopped using finger-scan identification systems in Illinois.

J.     Defendant denies any liability, wrongdoing, or legal violations of any kind related to the claims and contentions asserted in this Action. By entering into this Settlement, Defendant does not admit any liability or wrongdoing and expressly denies the same.

K.     Class Counsel has conducted an investigation into the facts and the law regarding the Action and has concluded that a settlement according to the terms set forth herein is fair, reasonable, and adequate, and beneficial to and in the best interests of Plaintiff and the Class, recognizing: (a) the existence of complex and contested issues of law and fact; (b) the risks inherent in litigation; (c) the likelihood that future proceedings will be unduly protracted and expensive if the proceeding is not settled by voluntary agreement; (d) the magnitude of the benefits derived from the contemplated Settlement in light of both the maximum potential and likely range of recovery to be obtained through further litigation and the expense thereof, as well as the potential of no recovery whatsoever; and (e) Class Counsel's determination that the Settlement is fair, reasonable, adequate, and will substantially benefit the Class Members. For purposes of this Settlement Agreement, Class Counsel has also determined that the Settlement Agreement procedures described herein are superior to other available methods for the fair and efficient resolution of this controversy.

L.     Considering the risks and uncertainties of continued litigation and all factors bearing on the merits of settlement, the Parties are satisfied that the terms and conditions of this Settlement Agreement are fair, reasonable, adequate, and in their best respective interests.

M.     The Parties agree to cooperate and take all reasonable steps necessary and

3

appropriate to obtain preliminary and final approval of the Settlement Agreement, to effectuate all aspects of the Settlement Agreement, and to dismiss this Action with prejudice upon final approval and entry of final judgment.

N.      In consideration of the covenants, agreements, and releases set forth herein, and for other good and valuable consideration, the sufficiency of which are hereby acknowledged, it is agreed by and among the undersigned that the Action be settled and compromised, and that the Releasors, as that term is defined herein, release the Released Parties, as that term is defined herein, of the Released Claims, as that term is defined herein, without costs as to Defendant, the Released Parties, Plaintiff, Class Counsel, or the Class, except as explicitly provided for in this Settlement Agreement, subject to the approval of the Court, on the following terms and conditions.

## SETTLEMENT TERMS

### A.      DEFINITIONS

The following terms, as used in this Settlement Agreement, have the following meanings:

1.      "Action" means the class action lawsuit pending in the United States District Court for the Northern District of Illinois, Eastern Division, captioned *Howe v. Speedway LLC*, Case No. 1:19-cv-01374.

2.      "Administrative Expenses" means the fees and expenses reasonably incurred by the Settlement Administrator in or relating to administering the Settlement, including but not limited to fees and expenses related to or arising from creating and maintaining the settlement website, providing Notice, communicating with the Parties and Class Members, disbursing payments to the proposed Class Members, fees of the escrow agent, and tax reporting, among other duties.

3.      "Biometric Timekeeping System" means the alleged biometric time tracking system used by Defendant's workers between September 1, 2012, through November 1, 2017.

4.     "Class" means the class previously certified by the Court: All individuals who used a finger scanner on a timeclock while working for Speedway in the state of Illinois between September 1, 2012, and November 1, 2017. Excluded from the Class are: (1) the Court and members of their families; (2) persons who properly execute a timely request for exclusion from the Class; and (3) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released.

5.     "Class Member" means each person who falls within the definition of the Class and who does not submit a timely and valid request for exclusion from the Class.

6.      "Class Counsel" refers to Ryan Stephan, Jim Zouras, and Andrew Ficzko of Stephan Zouras, LLC, and J. Eli Wade-Scott and Schuyler Ufkes of Edelson PC.

7.     "Court" means the United States District Court for the Northern District of Illinois, Eastern Division, and the Honorable Edmond E. Chang or any judge sitting in his stead.

8.     "Defendant" means Defendant Speedway LLC.

9.     "Defendant's Counsel" means Matthew Wolfe and Tristan Duncan of Shook, Hardy & Bacon L.L.P.

10.     "Effective Date" means one business day following the later of: (i) the date upon which the time expires for filing or noticing any appeal of the Final Approval Order, which pursuant to Federal Rule of Civil Procedure 4(a)(1)(A) is thirty (30) days after the entry of judgment; (ii) if there is an appeal or appeals, other than an appeal or appeals solely with respect to the Fee Award or Incentive Award, the date of completion, in a manner that finally affirms and leaves in place the Final Approval Order without any material modification, of all proceedings arising out of the appeal(s) (including, but not limited to, the expiration of all deadlines for motions for reconsideration or petitions for review and/or certiorari, all proceedings ordered on remand,

and all proceedings arising out of any subsequent appeal(s) following decisions on remand); or (iii) the date of final dismissal of any appeal or the final dismissal of any proceeding on certiorari with respect to the Final Approval Order. In the event that the Court does not approve the Settlement Agreement and/or does not enter a Final Approval Order and Final Judgment, or in the event that entry of the Final Approval Order and/or Final Judgment are reversed on appeal, then there shall be no Effective Date and this Settlement Agreement shall become null and void.

11.     "Exclusion Deadline" means the date by which a request for exclusion submitted by a member of the Class must be postmarked and delivered to the Settlement Administrator within forty-five (45) days following the initial issuance of the Notice, or such other date as ordered by the Court. The Exclusion Deadline will be set forth in the Notice, the Preliminary Approval Order, and on the settlement website.

12.     "Fee Petition" means the motion to be filed by Class Counsel in which they seek approval of an award of attorneys' fees, costs, and expenses.

13.     "Fee Award" means the amount of attorneys' fees and reimbursement of out-of-pocket costs and expenses awarded by the Court to Class Counsel.

14.     "Final Approval Hearing" means the hearing before the Court where Plaintiff will request that the Final Approval Order be entered by the Court finally approving the Settlement as fair, reasonable, and adequate, deciding the Fee Award and the Incentive Award to the Class Representative, and making such other final rulings as are contemplated by the Settlement Agreement.

15.     "Final Approval Order" means the Court's order granting final approval of this Settlement Agreement on the terms provided herein or as those terms may be modified by the Court and to which the Parties have consented. The Parties shall submit a proposed Final Approval

Order setting forth the terms of this Settlement Agreement, by incorporation or otherwise, for execution and entry by the Court at the time of the Final Approval Hearing or at such other time as the Court deems appropriate.

16.    "Final Judgment" refers to the judgment entered by the Court in conjunction with the Final Approval Order.

17.    "Incentive Award" means the amount to be paid to the Plaintiff, subject to the approval of the Court, as payment for his efforts for the benefit of the Class, including assisting Class Counsel with the prosecution of the Action.

18.    "Notice" means the notice of class action settlement to be directed to Class Members consistent with due process. The Notice shall be substantially in the form of group **Exhibit A** attached hereto and will provide a summary of the Action, a summary of the Settlement Agreement, information on how Class Members can opt-out or object to the Settlement, and the scope of the release of claims.

19.    "Objection Deadline" means the date by which a written objection to this Settlement Agreement submitted by a member of the Class must be filed with the Court and copies sent via U.S. Mail or email to Class Counsel and the Settlement Administrator postmarked or received within forty-five (45) days following the initial issuance of the Notice, or such other date as ordered by the Court. The Objection Deadline will be set forth in the Notice, the Preliminary Approval Order, and on the settlement website.

20.    "Parties" means Plaintiff and Defendant, collectively.

21.    "Plaintiff" or "Class Representative" shall mean the named class representative, Christopher Howe.

22.    "Preliminary Approval Order" or "Preliminary Approval" refers to the Court's

7

order preliminarily approving the Settlement Agreement, and approving and directing Notice of the Settlement to the Class substantially in the form of the Notice set forth in this Agreement.

23. "Qualified Settlement Fund" or "QSF" means the separate, interest-bearing escrow account with the Settlement Fund to be opened at a depository institution insured by the Federal Deposit Insurance Corporation, administered, and controlled by the Settlement Administrator as a "Qualified Settlement Fund" under Section 468B of the IRC and Treas. Reg. § 1.468B-1, 26 C.F.R. § 1.468B-1, et seq. The money in the QSF shall be invested in the following types of accounts and/or instruments and no other: (a) demand deposit accounts and/or (b) time deposit accounts and certificates of deposit, in either case with maturities of forty-five (45) days or less. Any interest earned on the QSF shall inure to the benefit of the Class as part of their Settlement Payments, if practicable. The Settlement Administrator shall be responsible for all tax filings with respect to the QSF.

24. "Released Claims" means all losses, liabilities, rights, remedies, claims, suits, actions, controversies, demands, causes of action, damages, costs, or attorneys' fees, whether actual, potential, filed, unfiled, known, or unknown, legal or equitable, arising out of the allegations set forth in the pleadings in the Action, including claims for negligence and those arising under BIPA and any similar law that were brought or could have been brought in the Action or that were brought or could have been brought in the Action relating to the Biometric Timekeeping System used at or by any Released Party.

25. "Released Party" or "Released Parties" refers to Speedway LLC and its predecessors and successors in interest and each of its and their respective parent companies, divisions, subsidiaries, officers, directors, executives, stockholders, members, partners, owners, agents, insurers, employees, and attorneys. For the avoidance of doubt, Released Parties shall not

8

Docusign Envelope ID: 45D0B89C-5F25-4D74-A845-2E782B520B94

include any staffing companies, third-party payroll companies, vendors that host biometric data, and/or vendors of biometric devices, including both hardware and/or software.

26.    "Releasor(s)" refers to Plaintiff, the Class Members, and to each of their predecessors, successors, beneficiaries, heirs, executors, conservators, administrators, and assigns, together with any other person or entity claiming by, through, on behalf of, or as a representative of Plaintiff or any Class Member.

27.    "Settlement Administrator" refers to the third-party entity selected and supervised by Class Counsel to administer the Settlement and that is approved by the Court.

28.    "Settlement Fund" means a non-reversionary cash fund to be deposited into the QSF by Defendant in the amount of Twelve Million One-Hundred Twenty-Two Thousand Seven Hundred Seventy-Five Dollars ($12,122,775.00) within fourteen (14) calendar days before the Final Approval Hearing, plus all interest earned thereon. If it is determined that the class size exceeds Seven Thousand Six Hundred Ninety-Seven (7,697) individuals, the Settlement Fund shall be increased by One Thousand Five Hundred Seventy-Five Dollars ($1,575.00) per person in excess of Seven Thousand Six Hundred Ninety-Seven (7,697). By way of example, if the class size is later determined to include Eight Thousand (8,000) individuals, then the Settlement Fund will be Twelve Million Six Hundred Thousand Dollars ($12,600,000.00). If additional class members are identified after the payment deadline, Defendant shall pay the additional One Thousand Five Hundred Seventy-Five Dollars ($1,575.00) per person into the QSF within fourteen (14) calendar days of identification. In no event shall any amount paid by Defendant into the QSF, or any interest earned thereon, revert to Defendant or any other Released Party. The Settlement Fund shall satisfy all monetary obligations of Defendant (and any other Released Party) under this Settlement Agreement, including the Settlement Payments, Administrative Expenses, Fee Award,

litigation costs and expenses, Incentive Award, taxes, and any other payments or other monetary obligations contemplated by this Agreement.

29.     "Settlement Payment" means a *pro rata* portion of the Settlement Fund less Administrative Expenses, Fee Award, and Incentive Award to the Class Representative.

## B.     SETTLEMENT APPROVAL REQUIREMENTS

1.     The Settlement is conditioned upon preliminary approval and final approval of the Settlement Agreement by the Court.

2.     The Settlement Agreement requires the occurrence of all of the following events: (a) execution of the Settlement Agreement by the Parties; (b) submission of the Settlement Agreement by the Parties to the Court for preliminary approval; (c) entry of the Preliminary Approval Order by the Court granting preliminary approval of the Settlement Agreement; (d) Court approval of the method of distribution and the form and content of the Notice; (e) dissemination of the Notice to the Class and notice pursuant to the Class Action Fairness Act ("CAFA"); (f) entry of the Final Approval Order and Final Judgment by the Court; and (g) the expiration of all applicable deadlines or completion of all other events required to trigger the Effective Date.

3.     The Settlement Agreement will become final and effective only upon the occurrence of both of the following events: (a) the Court enters the Final Approval Order; and (b) the Effective Date occurs.

## C.     MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT

1.     The Parties stipulate and agree that, subject to Court approval, Plaintiff shall represent the Class for settlement purposes and shall be the Class Representative.

2.     Within twenty-one (21) calendar days upon execution of this Settlement

Agreement, Plaintiff, through Class Counsel, will file with the Court an Unopposed Motion for and Memorandum in Support of Preliminary Approval of Class Action Settlement ("Preliminary Approval Motion") to be prepared by Class Counsel and shared with Defendant's Counsel at least five (5) business days prior to filing for its review.

3.      The Preliminary Approval Motion shall submit this Settlement Agreement, together with its exhibits, to the Court and shall request that the Court enter the Preliminary Approval Order: (a) granting preliminary approval of the Settlement Agreement described herein; (b) approving the contents of the Notice, the method of its dissemination to the Class, and the proposed plan of settlement administration described herein; (c) approving of Plaintiff as the Class Representative for purposes of settlement; and (d) scheduling a date for a Final Approval Hearing at least (90) days after entry of the Preliminary Approval Order (*i.e.*, after the expiration of the CAFA notice period) to review any comments and/or objections regarding this Settlement Agreement, to consider its fairness, reasonableness and adequacy, to consider the application for a Fee Award and Incentive Award to the Class Representative, and to consider whether the Court shall enter a Final Approval Order approving this Settlement Agreement and dismissing the Action with prejudice.

4.      Should the Court decline to enter the Preliminary Approval Order or otherwise decline to preliminarily approve any aspect of the Settlement Agreement, the Parties will attempt to renegotiate those aspects of the Settlement Agreement in good faith, with the mutual goal of attempting to reach an agreement as close to this Settlement Agreement as possible and, if an agreement is reached, will then submit the renegotiated settlement agreement to the Court for preliminary approval. Only after both Parties agree that they have fully exhausted their efforts at obtaining preliminary approval of a settlement agreement, the Settlement Agreement will be null

and void, the Parties will have no further obligations under it, and the Parties will revert to their prior positions in the Action as if the Settlement had not occurred.

## D.   PLAN OF SETTLEMENT ADMINISTRATION

1.     The Settlement Administrator shall be responsible for making all reporting and filings with respect to amounts payable to Class Members required pursuant to any federal, state, or local tax law or regulation hereunder under the EIN of the escrow account. The Settlement Administrator shall also be responsible for filing and sending any necessary tax forms, including Form 1099s, to any applicable recipient of a payment from the Settlement Fund.

2.     The Settlement Administrator shall be responsible for such things as establishment of the escrow account for the Settlement Fund, setting up and managing a settlement website (whose URL will be agreed upon by the Parties), providing Notice to the Class, handling the required CAFA notices (following Defendant's review and approval), verifying addresses, skip tracing as necessary, communicating with Class Members, disbursing payments to Class Members who do not exclude themselves from the Settlement, tax reporting, and other administrative activities contemplated in this Settlement Agreement. All costs and fees of the Settlement Administrator shall be payable solely from the Settlement Fund

3.     The Parties agree to cooperate in the settlement administration process and to make all reasonable efforts to control and minimize the costs and expenses incurred in the administration of the Settlement Agreement.

4.     At no time shall any of the Parties or their counsel discourage any Class Member from participating in the Settlement.

5.     Defendant has already provided the class list, including all Class members' names and last known mailing addresses, to Class Counsel. Defendant will cooperate with Class Counsel

and the Settlement Administrator and will provide, within seven (7) calendar days after entry of the Preliminary Approval Order, all Class Members' telephone numbers, email addresses, and social security numbers, to the extent that information is in Defendant's possession, custody, or control and reasonably available to Defendant, and any additional information requested by the Settlement Administrator to provide direct notice and Settlement Payments to the Class, to the extent that information is in Defendant's possession, custody, or control and reasonably available to Defendant.

6. Within fourteen (14) calendar days after the Settlement Administrator receives the Class Members' information as contemplated in paragraph D.5 above, the Settlement Administrator shall send the Notice to the Class Members *via* email (if available) and First-Class U.S. Mail, postage prepaid, to their mailing addresses as updated using the U.S.P.S. database of verifiable mailing addresses and the National Change-of-Address database. If any such mailing is returned as undeliverable with an indication of a more current address, the Settlement Administrator will mail the Notice to the new address. If any such mailing is returned as undeliverable without any indication of a more current address, the Settlement Administrator will perform a reverse look up or skip trace to find an updated address, and if one is identified, will mail the Notice to the new address. For any Notice sent to members of the Class that are returned as undeliverable, the Class Member will have the longer of the remaining period or fourteen (14) calendar days from the date of any re-mailing to seek exclusion or object.

7. Pursuant to 28 U.S.C. § 1715, not later than ten (10) days after the Settlement Agreement is filed with the Court, the Settlement Administrator shall cause to be served upon the Attorneys General of each U.S. State in which Class members reside, the Attorney General of the United States, and other required government officials, notice of the proposed settlement as

required by law.

8.      The Settlement Administrator will provide counsel for the Parties with bi-weekly reports regarding the status of administration of this Settlement, including, without limitation, the portion of the Settlement Fund that has not been cashed within one hundred twenty (120) calendar days following the date such check was originally issued. Defendant's Counsel and Class Counsel have the right to make inquiries and receive any information from the Settlement Administrator as is necessary to the administration of the Settlement.

9.      The Notice, which shall be substantially in the form of group **Exhibit A** attached hereto, shall be used for the purpose of informing Class Members, prior to the Final Approval Hearing, that there is a pending Settlement, and to further inform Class Members, *inter alia*, how they may: (i) protect their rights regarding the Settlement; (ii) request exclusion from the Class and the proposed Settlement, if desired; (iii) object to any aspect of the proposed Settlement, if desired; and (iv) participate in the Final Approval Hearing with our without hiring their own counsel, if desired. The Notice shall make clear the binding effect of the Settlement on all persons who do not timely and validly request exclusion from the Class.

10.      **Exclusions.**

a.      Members of the Class who do not want to participate in the Settlement will have up to forty-five (45) calendar days following the initial issuance of the Notice to exclude themselves from the Settlement.

b.      In order to exercise the right to be excluded, a person in the Class must timely send a written request for exclusion to the Settlement Administrator providing his/her name, address, and telephone number; the name and number of this case, *Howe v. Speedway, LLC*, No. 19-cv-01374; a statement that he/she wishes to be excluded from the Class; and a signature. A request to be excluded that is sent to an address other than that designated in the Notice, or that is not postmarked on or before the Exclusion Deadline, shall be invalid, and the person serving such a request shall be considered a Class Member and shall be bound by the Settlement Agreement, if approved.

c.      The request for exclusion must be personally signed by the person

14

requesting exclusion. So-called "mass" or "class" exclusion requests shall not be permitted, meaning, *inter alia*, that each individual who seeks to exclude themselves out must mail an individual, separate request to the Settlement Administrator that complies with all requirements of this Paragraph.

d.    Any person in the Class who submits a timely and valid request for exclusion shall not: (i) be bound by any order or the Final Judgment; (ii) be entitled to any Settlement Payment or other relief under this Settlement Agreement; (iii) gain any rights by virtue of this Settlement Agreement; or (iv) be entitled to object to any aspect of this Settlement Agreement.

e.    If the Settlement Agreement receives final Court approval, all Class Members who have not opted out by the Exclusion Deadline will be bound by the Settlement Agreement and will be deemed a Releasor as defined herein, and the Settlement Payment and any other relief provided by the Settlement will be their sole and exclusive remedy for the claims alleged in the Action.

11.    **<u>Objections.</u>**

a.    Class Members may object to the Settlement Agreement by following the instructions on the Notice. To object to the Settlement Agreement or any terms of it, the person making the objection must be a Class Member, must file a timely written statement of objection with the Court, and must mail a copy of that objection with the requisite postmark to the Settlement Administrator and Class Counsel no later than the Objection Deadline. The notice of objection must state the case name and number, *Howe v. Speedway, LLC*, No. 19-cv-01374; a statement that he or she believes himself or herself to be a member of the Class; the specific basis for and an explanation of the objection; the full name, address, telephone number, and email address of the Class Member making the objection; all documents or writings that the Class Member desires the Court to consider; a list of all proposed class action settlements in which the Class Member making the objection has filed an objection in the last five years; the name and contact information of any and all attorneys representing, advising, or in any way assisting the objector in connection with the preparation or submission of the objection or who may profit from the pursuit of the objection; and a statement of whether the Class Member intends to appear at the Final Approval Hearing with or without counsel. In addition, any objection must be personally signed by the Class Member. Any objection that does not meet the requirements of this paragraph shall not be considered by the Court, unless otherwise ordered by the Court.

b.    If any objecting Class Member intends to appear at the Final Approval Hearing, either with or without counsel (who must file an appearance or

seek *pro hac vice* admission), he/she must state as such in the written objection, and must also identify any witnesses he/she may seek to call to testify at the Final Approval Hearing and all exhibits he/she intends to seek to introduce into evidence at the Final Approval Hearing, which must also be attached to, or included with, the written objection.

c.     Class Members who fail to file and serve timely and proper written objections shall be deemed to have waived any objections and shall be foreclosed from making any objection (whether by appeal or otherwise) to the Settlement Agreement.

12.     Within three (3) business days after the Objection and Exclusion Deadlines, the Settlement Administrator shall provide Class Counsel and Defendant's Counsel with a written list reflecting all timely and valid exclusions from the Class and all objections to the Settlement, including all supporting documentation provided.

## E.     MOTION FOR FINAL APPROVAL OF SETTLEMENT AND FEE PETITION

1.     No later than thirty-one (31) days after Notice is disseminated (*i.e.*, 14 days prior to the Objection and Exclusion Deadlines), Class Counsel shall file a Fee Petition seeking approval of the award of attorneys' fees and litigation costs relating to their representation of the Class, and an Incentive Award for the Class Representative.

2.     Class Counsel's Fee Petition shall seek: (a) an award of attorneys' fees not to exceed 37.5% of the Settlement Fund, after the cost of Notice, Administrative Expenses, and the Incentive Award are deducted, plus reasonable litigation costs incurred in their representation of Plaintiff and the Class Members; (b) Administrative Expenses to the Settlement Administrator in an amount to be determined; and (c) an Incentive Award to the Plaintiff, not to exceed Ten Thousand Dollars ($10,000), as payment for his efforts on behalf of the Class, including assisting Class Counsel with the prosecution of the Action. The amounts approved by the Court will be deducted from the gross Settlement Fund, and the remaining amount shall be distributed to the Class in accordance with this Settlement Agreement.

3.      The Settlement is not contingent on the Court's approval of the request for attorneys' fees, costs, or the Incentive Award, and if the Court denies the request or grants amounts other than what was requested, the remaining provisions of the Settlement Agreement shall remain in force.

4.      No later than seven (7) calendar days before the Final Approval Hearing, or by some other date as directed by the Court, Plaintiff will move for final approval of the Settlement Agreement.

5.      At the Final Approval Hearing, Plaintiff will ask the Court to:

a.  find that it has personal jurisdiction over all Class Members and subject matter jurisdiction to approve this Settlement Agreement, including the attached exhibit;

b.  grant final approval of the Settlement Agreement as fair, reasonable and adequate, and entered into in good faith and without collusion;

c.  direct the Parties and their counsel to implement and consummate the Settlement according to its terms and conditions;

d.  find that the Notice implemented pursuant to the Settlement Agreement (1) constitutes the best practicable notice under the circumstances, (2) constitutes notice that is reasonably calculated, under the circumstances, to apprise the Class of the pendency of the Action and their rights to object to or exclude themselves from this Settlement Agreement and to appear at the Final Approval Hearing, (3) is reasonable and constitutes due, adequate, and sufficient notice to all persons entitled to receive notice, and (4) fulfills the requirements of the Federal Rules of Civil Procedure, the Due Process Clause of the United States Constitution, and the rules of the Court;

e.  consider any properly-submitted objections;

17

f.  approve the amounts allocated for the Fee Award, the Administrative Expenses, and the Incentive Award to Plaintiff;

g.  dismiss the Action on the merits and with prejudice, without fees or costs to any Party except as provided in this Settlement Agreement;

h.  incorporate the Release set forth above, make the Release effective as of the Effective Date, and forever discharge the Released Parties as set forth herein;

i.  authorize the Parties, without further approval from the Court, to agree to and adopt such amendments, modifications and expansions of the Settlement and its implementing documents (including the exhibit to this Settlement Agreement) that (i) shall be consistent in all material respects with the Final Approval Order, and (ii) do not limit the rights of Class Members;

j.  without affecting the finality of the Final Approval Order, stating that the Parties will submit to the jurisdiction of the Court as to all matters relating to administration, consummation, enforcement and interpretation of the Settlement Agreement and the Final Approval Order, and for any other necessary purpose, to the extent a subsequent action is necessary to effectuate such purpose;

k.  incorporate any other provisions, consistent with the material terms of this Settlement Agreement, as the Court deems necessary and just; and

l.  enter a final judgment.

## F.    ALLOCATION OF SETTLEMENT FUND

1.    No later than fourteen (14) calendar days after the Effective Date, the Settlement Administrator shall:

a.    <u>Settlement Payments to Class Members</u>. The Settlement Administrator shall send a Settlement Payment via check by First Class U.S. Mail to each Class

Member, including the Plaintiff, who did not submit a valid exclusion request, equal to each Class Member's *pro rata* share of the Settlement Fund, less Administrative Expenses paid to the Settlement Administrator, the Incentive Award to the Class Representative, and the Fee Award to Class Counsel. If required, the Settlement Administrator shall issue any necessary tax forms to Class Members, including IRS Form 1099s. Each Class Member shall be solely responsible for the reporting and payment of their share of any federal, state, and/or local income or other taxes on payments received pursuant to this Settlement.

b.   <u>Payment of the Incentive Award to Plaintiff</u>. The Incentive Award of Ten Thousand ($10,000), if approved by the Court, shall be paid in the form of one check made payable to Plaintiff. Should the Court award less than this amount, the difference in the amount sought and the amount ultimately awarded as the incentive award shall remain in the Settlement Fund and be distributed to Class Members as Settlement Payments. Plaintiff shall provide the Settlement Administrator with his completed W-9 before the payment of the Incentive Award is due.

c.   <u>Payment of the Fee Award to Class Counsel</u>. Attorneys' fees and litigation costs approved by the Court shall be paid in the form of wire transfer to an account designated by Class Counsel. Should the Court award less than the amount sought by Class Counsel, the difference in the amount sought and the amount ultimately awarded shall remain in the Settlement Fund and be distributed to Class Members as Settlement Payments. Class Counsel shall provide the Settlement Administrator with their completed W-9 before the payment of the Fee Award is due.

2.   The Court's unilateral reduction of the Fee Award and/or Incentive Award will not impact the settlement.

3.   Checks to the Class Members shall remain valid and negotiable for one hundred twenty (120) calendar days from the date of their issuance and may thereafter automatically be cancelled if not cashed within that time period. The Settlement Administrator will include language on all settlement checks stating that such checks are void one hundred twenty (120) calendar days following the date such check was originally issued.

4.   Forty-five (45) days after checks for Settlement Payments have been disbursed, the Settlement Administrator shall identify any Class Members whose checks have not yet been

cashed, shall attempt to confirm or obtain valid mailing addresses and email addresses (if available), and shall deliver reminder postcards and emails (if available) to those who have not yet cashed a check, reminding them that if they do not cash their checks before the one hundred twenty (120) day expiration date, the checks will be voided and, subject to Court approval, redistributed to Class Members who cashed their checks and/or distributed to a Court-approved cy pres recipient.

5.      If the total amount remaining in the Settlement Fund as a result of uncashed checks at the end of the one hundred twenty (120) day check cashing period exceeds Three Hundred Fifty Thousand Dollars ($350,000.00), the Settlement Administrator will initiate a second round of *pro rata* distribution to those Class Members who participated in the settlement by cashing their initial checks. If the total amount remaining is less than Three Hundred Fifty Thousand Dollars ($350,000.00) after the initial round of distribution, or if there is any amount remaining after a second round of distribution after providing a one hundred twenty (120) day check cashing period, such amounts will be transferred to a mutually agreeable *cy pres* that is approved by the Court.

## G.      RELEASES

1.      In addition to the effect of the Final Judgment entered in accordance with this Settlement Agreement, upon the Effective Date, and for other valuable consideration as described herein, the Releasors shall be deemed to have fully, finally, and completely released, relinquished, acquitted, and forever discharged the Released Parties from any and all Released Claims.

## H.      TERMINATION OF THE SETTLEMENT AGREEMENT

1.      In the event that the Court does not grant preliminary or final approval or requires material modifications to the terms of the Settlement Agreement or if the Court of Appeals or the

Supreme Court reverses final judgment and/or requires material modifications to the Settlement Agreement, the Parties shall work together in good faith to address these changes or concerns.

2.      If the Parties are unable to agree to solutions to address such concerns, then the Parties shall request the assistance of Judge Morton Denlow of JAMS or another JAMS mediator who is a former federal judge with class action experience, if Judge Denlow is unavailable, to attempt to resolve the concerns. Only after the Parties have fully exhausted such efforts will this Settlement Agreement become null and void. In that event, the Settlement Administrator shall promptly return to Defendant the amounts it paid into the Settlement Fund, less any Administrative Expenses already incurred or paid. The Parties, pleadings, and proceedings will return to the *status quo ante* as if no settlement had been negotiated or entered into, and the Parties will negotiate in good faith to establish a new schedule for the Action.

3.      Defendant may unilaterally terminate this Agreement if more than two percent (2%) of the individuals included on the Class list submit timely and valid requests for exclusion from the Settlement, provided that Defendant provides written notice of the election to do so to Class Counsel within ten (10) days after the Exclusion Deadline.

## I.      MISCELLANEOUS REPRESENTATIONS

1.      The Parties agree that the Settlement Agreement provides fair, equitable, and just compensation for any given Class Member related to the Released Claims.

2.      The Parties (a) acknowledge that it is their intent to consummate this Settlement Agreement, and (b) agree, subject to their respective legal obligations, to cooperate in good faith to the extent reasonably necessary to effectuate and implement all terms and conditions of this Settlement Agreement and to exercise their reasonable best efforts to accomplish the terms and conditions of this Settlement Agreement. Class Counsel and Defendant's Counsel agree to

21

cooperate with each other in seeking Court approval of the Preliminary Approval Order, the Settlement Agreement, and the Final Approval Order, and promptly to agree upon and execute all such other documentation as may be reasonably required to obtain final approval of the Settlement Agreement.

3.     The Parties intend this Settlement Agreement to be a final and complete resolution of all disputes between them with respect to the Released Claims by Plaintiff and the Class and other Releasors, and each or any of them, on the one hand, against the Released Parties, on the other hand.

4.     The Parties have relied upon the advice and representation of counsel, selected by them, concerning their respective legal liability for the claims hereby released. The Parties have read and understand fully this Settlement Agreement, including its exhibit, and have been fully advised as to the legal effect thereof by counsel of their own selection and intend to be legally bound by the same.

5.     Paragraph titles and headings are inserted as a matter of convenience and for reference, and in no way define, limit, extend, or describe the scope of this Settlement Agreement or any of its provisions. Other than the Recitals above, each term of this Settlement Agreement is contractual and not merely a recital.

6.     The waiver by one Party of any breach of this Settlement Agreement by any other Party shall not be deemed as a waiver of any prior or subsequent breach of this Settlement Agreement.

7.     This Settlement Agreement and its exhibits set forth the entire agreement and understanding of the Parties with respect to the matters set forth herein, and supersede all prior negotiations, agreements, arrangements, and undertakings with respect to the matters set forth

herein. No representations, warranties, or inducements have been made to any Party concerning this Agreement or its exhibit other than the representations, warranties, and covenants contained and memorialized in such documents.

8.     This Settlement Agreement may not be amended, modified, altered, or otherwise changed in any material manner except by a written instrument signed by or on behalf of all Parties or their respective successors-in-interest.

9.     The Parties agree the exhibits to this Settlement Agreement are material and an integral part thereof and are fully incorporated herein by this reference.

10.     The Parties may agree, subject to the approval of the Court where required, to reasonable extensions of time to carry out the provisions of the Settlement Agreement.

11.     The Parties represent, covenant, and warrant that they have not directly or indirectly, assigned, transferred, encumbered, or purported to assign, transfer, or encumber to any person or entity any portion of any claims, causes of actions, demands, rights, and liabilities of every nature and description released under this Settlement Agreement.

12.     Each Party represents that it has obtained the requisite authority to enter into this Settlement Agreement in a manner that binds such Party to its terms.

13.     Defendant, while continuing to deny all allegations of wrongdoing and disclaiming all liability with respect to all claims, considers it desirable to resolve the Action on the terms stated herein to avoid further expense, inconvenience and burden, and therefore has determined that this Settlement on the terms set forth herein is in Defendant's best interests. Neither the Settlement Agreement nor any actions taken to carry out the Settlement are intended to be, nor may they be deemed or construed to be, an admission or concession of liability, or of the validity of any claim, defense, or of any point of fact or law on the part of any Party. Defendant denies the

material allegations of the Class Action Complaint. Neither the Settlement Agreement, nor the fact of settlement, nor settlement proceedings, nor the settlement negotiations, nor any related document, shall be used as an admission of any fault or omission by Defendant, or be offered or received in evidence as an admission, concession, presumption, or inference of any wrongdoing by Defendant in any proceeding.

14.     This Settlement Agreement, whether approved or not approved, revoked, or made ineffective for any reason, and any proceedings related to this Settlement Agreement and any discussions relating thereto, the Parties specifically acknowledge, agree, and admit that this Settlement Agreement and its exhibits, along with all related drafts, motions, pleadings, conversations, negotiations, correspondence, orders, or other documents shall be considered a compromise within the meaning of Federal Rule of Evidence 408, and any other equivalent or similar rule of evidence, and shall not (a) constitute, be construed, be offered, or received into evidence as an admission of any kind, including but not limited to any negligent, reckless, or illegal action or omission or other wrongdoing, the validity of any claim or defense, or the truth of any fact alleged or other allegation in the Action or in any other pending or subsequently filed action, or of any wrongdoing, fault, violation of law, or liability of any kind on the part of any Party, or (b) be used to establish a waiver of any defense or right, or to establish or contest jurisdiction or venue.

15.     This Settlement Agreement may be executed in one or more counterparts by facsimile or other electronic means, including DocuSign and/or portable document format ("PDF"), and exchanged by hand, messenger, or PDF as an electronic mail attachment, and any such signature exchanged shall be deemed an original signature for purposes of this Settlement Agreement. All executed counterparts and each of them shall be deemed to be one and the same

instrument, provided that counsel for the Parties to this Settlement Agreement all exchange signed counterparts.

16.    This Settlement Agreement shall be governed by and construed in accordance with the laws of the state of Illinois. The Court shall retain jurisdiction over the interpretation, implementation, and enforcement of this Settlement Agreement as well as any and all matters arising out of, or related to, the interpretation or implementation of this Settlement Agreement and of the settlement contemplated thereby. Except as provided for in Paragraph H.2, any disputes or controversies arising with respect to the interpretation, enforcement, or implementation of the Settlement Agreement, if they cannot be resolved by the Parties in the first instance, shall be presented by motion to the Court.

17.    This Settlement Agreement is deemed to have been prepared by counsel for the Parties as a result of arms-length negotiations among the Parties. Whereas all Parties have contributed substantially and materially to the preparation of this Settlement Agreement and its exhibit, it shall not be construed more strictly against one Party than another.

18.    Unless otherwise specifically provided, all notices, demands, or other communications in connection with this Settlement Agreement shall be in writing and shall be sent by electronic mail or hand delivery, postage prepaid, as follows:

To Class Counsel:

Ryan F. Stephan (rstephan@stephanzouras.com)
James B. Zouras (jzouras@stephanzouras.com)
Andrew C. Ficzko (aficzko@stephanzouras.com)
**STEPHAN ZOURAS, LLC**
222 West Adams Street, Suite 2020
Chicago, Illinois 60606

J. Eli Wade-Scott (ewadescott@edelson.com)
Schuyler Ufkes (sufkes@edelson.com)
**EDELSON PC**

350 North LaSalle Street, 14th Floor
Chicago, Illinois 60654

To Defendant's Counsel:

Matthew C. Wolfe (mwolfe@shb.com)
**SHOOK, HARDY & BACON L.L.P.**
111 South Wacker Drive, Suite 4700
Chicago, Illinois 60606

Tristan L. Duncan (tlduncan@shb.com)
**SHOOK, HARDY & BACON L.L.P.**
2555 Grand Boulevard
Kansas City, Missouri 64108

19.    This Settlement Agreement shall be deemed executed as of the date that the last

party signs the Settlement Agreement.

IN WITNESS WHEREOF, the undersigned duly executed this Settlement Agreement as

of the date indicated below:

**CHRISTOPHER HOWE**

By:_____

Christopher Howe, Plaintiff

Date:_____
5/16/2025

**SPEEDWAY, LLC**

By:_____

Name:_____

Title:_____

Date:_____

26

350 North LaSalle Street, 14th Floor
Chicago, Illinois 60654

To Defendant's Counsel:

Matthew C. Wolfe (mwolfe@shb.com)
**SHOOK, HARDY & BACON L.L.P.**
111 South Wacker Drive, Suite 4700
Chicago, Illinois 60606

Tristan L. Duncan (tlduncan@shb.com)
**SHOOK, HARDY & BACON L.L.P.**
2555 Grand Boulevard
Kansas City, Missouri 64108

19.     This Settlement Agreement shall be deemed executed as of the date that the last

party signs the Settlement Agreement.

IN WITNESS WHEREOF, the undersigned duly executed this Settlement Agreement as

of the date indicated below:

**CHRISTOPHER HOWE**


By:_____
    Christopher Howe, Plaintiff

Date:_____


**SPEEDWAY, LLC**

By:_____
Jose Motta (May 28, 2025 13:28 CDT)

Name:_____
    Jose Motta

Title:_____
    VP, Total Rewards

Date:_____
    05/28/2025

26

# EXHIBIT 1-A

From: tobedetermined@domain.com
To: JohnDoeClassMember@domain.com
Re: Class Action Settlement for Speedway Employees



# Class Action Settlement Notice

*Howe v. Speedway LLC*
Case No. 1:19-cv-01374
***Authorized by the United States District Court for the Northern District of Illinois***

| | | |
|---|---|---|
| Did you scan your finger while working for Speedway in Illinois between September 1, 2012 and November 1, 2017? | There is a class action settlement and, if it is approved and you don't opt out, you will be sent a payment for about $970. | To be a part of this settlement, you do not need to do anything. If you do not want to be part of the class action, you need to opt out by [date]. If you disagree with any of the settlement's terms, you need to submit your objection(s) by [date]. |

Dear [Class Member],

You are receiving this email notice because our records indicate that you scanned your finger while working at Speedway, LLC ("Speedway" or "Defendant") in Illinois between September 1, 2012 and November 1, 2017 and are entitled to a payment from a class action settlement. The lawsuit alleges that Speedway violated an Illinois law called the Biometric Information Privacy Act ("BIPA") by collecting workers' biometric data through a finger-scanning timeclock system in Illinois without complying with the law's requirements. The settlement does not establish who is right or wrong. Speedway denies that it violated any laws. The lawsuit is called *Howe v. Speedway, LLC.,* Case No. 19-cv-01374, and is in federal court in the United States District Court for the Northern District of Illinois. **Please read this notice carefully. Your legal rights are affected whether you act, or don't act**.

**Am I part of the Class?** Our records indicate that you are included. The Class includes all individuals who used a finger scanner on a timeclock while working for Speedway in the state of Illinois between September 1, 2012, and November 1, 2017. Some exclusions apply. See www.[website].com, where you can find the long-form **Website Notice** [link to Website Notice] for more details.

**What can I get out of the Settlement?** If you're included and you do nothing, a check for approximately **$970** will automatically be mailed to you at your last known address below, if the settlement is approved:

> **«Address»**

You can request to update your address by using the Address Update page of the Settlement Website **here** [link to Address Update page]. To login to update your address, you must input the following:

> Class Member ID: **«SIMID»**
> Last Name: **«LastName»**

This payment is an equal share of the $12,122,775 Settlement Fund, after any Court-approved payment of settlement expenses, attorneys' fees and expenses to Class Counsel (identified below), and an incentive award of up to $10,000 to the Class Representative (identified below).

**Who represents me?** The Court has appointed lawyers from the law firms Stephan Zouras, LLC and Edelson PC as "Class Counsel." They represent you and other Class Members. You can hire your own lawyer, but you'll need to pay that lawyer's legal fees if you do. The Court has also chosen Christopher Howe—a class member like you—to represent the Class as your Class Representative.

**What are my options?** You have the following options: (1) Do nothing - if you're eligible, you'll receive your Class Member payment (estimated to be **$970**) and you won't be able to sue Speedway on this issue in the future; (2) Exclude yourself - you won't receive a payment, but you'll keep whatever rights you currently have to sue Speedway on this issue; or (3) Object - if you disagree with any of the settlement's terms, you can submit your objection(s) to the Court and explain why you do not like the settlement but remain a Class Member. ***All Requests for Exclusion and Objections must be postmarked by [Objection/Exclusion Deadline].*** For detailed requirements and

instructions on how to exclude yourself or object, see the Website Notice **here** [link to Website Notice].

**When will the Court approve the settlement?** The Court will hold a final approval hearing in person on [date] at [time] before the Honorable Edmond E. Chang in Room 2341 at the Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Chicago, Illinois 60604. During the hearing, the Court will hear any objections, determine if the settlement is fair, and consider Class Counsel's request for expenses, fees up to 37.5% of the Settlement Fund, and an incentive award of $10,000 for the Class Representative. The request will be posted on the Settlement Website by [two weeks before the Objection Deadline].

**How do I get more information?** For more information, visit www.[website]com, contact the administrator at [PHONE NUMBER], or write to the *Howe v. Speedway, LLC,* Settlement Action Administrator, [ADDRESS] or [EMAIL]. You can also call Class Counsel at [XX].



U.S. District Court for the Northern District of Illinois

*Howe v. Speedway LLC*

Case No. 1:19-cv-01374

# Class Action Settlement Notice

## *Authorized by U.S. District Court for the Northern District of Illinois*

| | | |
|---|---|---|
| Did you scan your finger while working for Speedway in Illinois between September 1, 2012 and November 1, 2017? | There is a class action settlement and, if it is approved and you don't opt out, you will be sent a payment for about $970. | To be a part of this settlement, you do not need to do anything.<br><br>If you do not want to be part of the class action, you need to opt out by [date].<br><br>If you disagree with any of the settlement's terms, you need to submit your objection(s) by [date]. |

- Keep reading for more details about the settlement and your rights and options. You can also visit the Settlement Website, www.website.com, where you can learn more and—if you're a Class Member—update the address where your check will be mailed.

- The Court in charge of this case still has to decide whether to approve the Settlement. Payments will be provided only after any issues, if any, with the Settlement are resolved. Please be patient.

# About This Notice

## Why did I get this notice?

The Court authorized this notice to let you know about a proposed Settlement with Speedway, LLC, the operator of several convenience stores and fuel stations in Illinois. You have legal rights and options that you may act on before the Court decides whether to approve the proposed Settlement. You may be eligible to receive a cash payment as part of the Settlement. This notice explains the lawsuit, the Settlement, and your legal rights.

**Judge Edmond E. Chang** of the United States District Court for the Northern District of Illinois is overseeing this class action. The case is called **Howe v. Speedway LLC**, Case No. 1:19-cv-01374. The individual who filed the lawsuit, **Christopher Howe,** is the Plaintiff. The company he sued, **Speedway, LLC ("Speedway")**, is the Defendant.

## What is a class action lawsuit?

A class action is a lawsuit in which an individual called a "Class Representative" bring a single lawsuit on behalf of themselves and other people who have similar legal claims. All of these people together are a "class" or "class members." A class action settlement finally approved by the Court resolves the issues for all Class Members, except for those who ask to be excluded.

## What do I do next?

Read this notice to understand the settlement and to determine if you are a class member. Then, decide if you want to:

| Options | Information about each option |
|---|---|
| **Do Nothing** | You will receive your Class Member payment (estimated to be **$970**) under the Settlement and give up your rights to sue Speedway about the issues in this case. |
| **Exclude Yourself** (**i.e.**, **Opt Out**) | You will receive no payment, but you will retain any rights you currently have to sue Speedway about the issues in this case. |
| **Object** | If you are a Class Member, you can write to the Court explaining why you don't like the Settlement. You will remain a Class Member, receive a Class Member payment if the settlement is approved, and give up your rights to sue Speedway about the issues in this case. |
| **Attend a Hearing** | Ask to speak in Court about the fairness of the Settlement. |

These rights and options—**and the deadlines to exercise them**—are explained in this notice.

## What are the most important dates?

- Your deadline to object or opt out: **[Objection/Exclusion Deadline]**
- Your deadline to update your address on the settlement website: **[Final Approval Hearing Date]**
- Final settlement approval hearing: **[Final Approval Hearing Date]**

## What is this lawsuit about?

The Illinois Biometric Information Privacy Act ("BIPA" or "Privacy Act"), 740 ILCS § 14/1, *et seq*., prohibits private companies from capturing, obtaining, storing, and/or using the biometric identifiers and/or biometric information of another individual for any purpose, without first providing notice and getting consent in writing. Biometrics are

### Where can I learn more?

You can get a complete copy of the proposed settlement and other key documents in the "Court Documents" section of the settlement website, **here**.

things like your fingerprint, faceprint, or a scan of your iris. This lawsuit alleges that Speedway violated BIPA by collecting Illinois employees' biometric data when they scanned their fingers on a timekeeping system while working for Speedway in Illinois without first giving notice or getting consent. Speedway denies these allegations and denies that it violated BIPA. The Settlement does not establish who is right or wrong. Speedway denies that it did anything wrong. You can access Plaintiff's complaint and Speedway's answer and defenses here [link to Important Documents].

# Learning About the Settlement

## Why is there a settlement in this lawsuit?

In May 2025, the parties agreed to settle, which means they have reached an agreement to resolve the lawsuit. Both sides want to avoid the risk and expense of further litigation. The Court did not decide who was right.

### What is a class action settlement?
A class action settlement is an agreement between the parties to resolve and end the case. Class settlements can provide money to class members, but require the final approval of the Court.

## Who is included in the Class?

This Class includes all individuals who used a finger scanner on a timeclock while working for Speedway in the state of Illinois between September 1, 2012, and November 1, 2017. Some exceptions to participating apply (see "Who is not included in the Class?" below).

## Who is not included in the Class?

Excluded from the Class are (1) the Court and members of their families; (2) persons who properly execute a timely request for exclusion from the Class; and (3) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released.

4

## How do I know if I am part of this settlement?

If you used a finger scanner on a timeclock while working for Speedway in the state of Illinois between September 1, 2012, and November 1, 2017, and are not subject to any of the exclusions above, then you are a member of the Class and are entitled to payment. If you received a notice of the Settlement via text, email , or a postcard in the mail addressed to your name, our records indicate that you are a class member and are included in the Settlement. You may call or email the Settlement Administrator at [phone number] or info@website.com to ask whether you are a member of the Class.

# The Settlement Benefits

## What does the settlement provide?

If the Court approves the Settlement, Speedway has agreed to create a Settlement Fund of $12,122,775. Class Counsel expect that each Class Member will receive a settlement payment of approximately $970 after all fees and costs are deducted.

## How do I get a payment?

If you are a Class Member and do nothing, you will automatically receive a check in the mail at your last known address. You can request to update your address on the Settlement Website **here** [link to Address Update]. For security reasons, you will need to enter your last name and your unique "Class Member ID" to login to update your address. Your Class Member ID is located on the notice you may have received via text, email, or mail. If you cannot locate your Class Member ID, email the Settlement Administrator at [info@website.com].

## When will I get my payment?

The hearing to consider the fairness of the Settlement is scheduled for [Final Approval Hearing Date] at [time]. If the Court approves the Settlement, and there are no objections or appeals, eligible Class

5

Members will automatically be sent their payment within 45 days via check in the mail (see "How do I get a payment?" above). It may take a few weeks to arrive in the mail. Please be patient.

All uncashed checks will expire and become void 120 days after issuance.

If the total amount of voided checks exceeds $350,000, those funds will be redistributed in a second round of *pro rata* payments to Class Members who cashed their first check and will become void 120 days after issuance.

If the total amount of voided checks is less than $350,000 after the initial round of payments, or if there are still funds remaining after a second round of payments due to uncashed checks, those funds will be sent to a "cy pres" recipient, subject to Court approval. A "cy pres" recipient is a non-profit organization whose work or purpose relates to the issues in this case, and who will use the funds to benefit people similar to those in the class.

# The Lawyers Representing You

## Do I have a lawyer in this case?

Yes, the Court has appointed lawyers Ryan Stephan, Jim Zouras, and Andrew Ficzko of Stephan Zouras, LLC, and J. Eli Wade-Scott and Schuyler Ufkes of Edelson PC as the attorneys to represent you and other Class Members. These attorneys are called "Class Counsel." In addition, the Court appointed Plaintiff Christoper Howe to serve as the Class Representative. He is a Class Member like you. Class Counsel can be reached by calling XX.

## Should I get my own lawyer?

You don't need to hire your own lawyer because Class Counsel is working on your behalf. You may hire your own lawyer, but if you do so, you will have to pay that lawyer.

## How will the lawyers be paid?

Class Counsel will ask the Court for attorneys' fees of up to 37.5% of the Settlement Fund and reimbursement of their expenses. They will also request an incentive award of $10,000 for the Class Representative. The Court will determine the proper amount of any expenses and attorneys' fees to award Class Counsel and the proper amount of any incentive award to the Class Representative. The Court may award less than the amounts requested.

# Your Rights and Options

## How do I weigh my options?

You have three options. You can do nothing (and thus remain in the settlement), you can exclude yourself from (or opt out of) the settlement, or you can object to the settlement. This chart shows the effects of each option:

|  | Opt out | Object | Do Nothing |
|---|---|---|---|
| **Can I receive settlement money if I . . .** | NO | YES | YES |
| **Am I bound by the terms of this lawsuit if I . . .** | NO | YES | YES |
| **Can I pursue my own case if I . . .** | YES | NO | NO |
| **Will the class lawyers represent me if I . . .** | NO | NO | YES |

## What happens if I do nothing at all?

If you do nothing, you will be a Class Member, and if the Court approves the Settlement, you will automatically be sent a payment via check to your last known address, and you will also be bound by all orders and judgments of the Court. Unless you exclude yourself from

7

the Settlement, you also won't be able to start a lawsuit or be part of any other lawsuit against Speedway, or any other Released Parties (a term defined in the Settlement Agreement) for the claims or legal issues being resolved by this Settlement.

## What happens if I ask to be excluded?

You may exclude yourself from the Settlement. If you do so, you will not receive any payment, but you will not release any claims you may have against Speedway or the Released Parties and can pursue whatever legal rights you may have against Speedway and the Released Parties at your own risk and expense.

## How do I ask to be excluded?

You can mail a letter stating that you want to be excluded from the Settlement. Your letter must: (a) be in writing; (b) identify the case name and number, *Howe v. Speedway, LLC*, No. 19-cv-01374 (N.D. Ill.); (c) state the full name, current address, and telephone number of the person in the Class seeking exclusion; (d) be personally signed by the person seeking exclusion; and (e) a statement that he/she wishes to be excluded from the Class, such as "I hereby request to be excluded from the proposed Class in *Howe v. Speedway, LLC*, No. 19-cv-01374 (N.D. Ill.)."

You must mail your exclusion request no later than [Exclusion deadline] to:

Speedway BIPA Settlement Administrator
P.O. Box 0000
XX

You can't exclude yourself over the phone or by email. No person may request to be excluded from the Class through "mass" or "class" opt-outs, meaning that each individual who seeks to exclude themself must mail an individual, signed, separate request to the Settlement Administrator that complies with all requirements listed above. Each request for exclusion must be separately signed and submitted.

A request to be excluded that is sent to an address other than that

8

designated in this notice, or that is not postmarked within the time specified, will be invalid and you will be considered a member of the Class and will be bound as a Class Member by the Settlement Agreement, if approved by the Court.

## If I don't exclude myself, can I sue Speedway for the same thing later?

No. Unless you exclude yourself, you give up any right to sue Speedway and any other Released Party for the claims being resolved by this Settlement.

## If I exclude myself, can I get anything from the settlement?

No. If you exclude yourself, you will not receive a payment.

## How do I object to the Settlement?

If you do not exclude yourself from the Class, you can object to the Settlement if you don't like any part of it. You can give reasons why you think the Court should deny approval by filing an objection. To object, you must file a letter or brief with the Court stating that you object to the Settlement in *Howe v. Speedway, LLC*, No. 19-cv-01374 (N.D. Ill.), no later than [Objection Deadline]. Your objection must be e-filed or delivered to the Court at the following address:

Everett McKinley Dirksen United States Courthouse
219 South Dearborn Street, Courtroom 2341
Chicago, Illinois 60604

The objection must be in writing, must be signed, and must include the following information: (a) the case name and number, *Howe v. Speedway, LLC*, No. 19-cv-01374; (b) a statement that you believe yourself to be a member of the Class; (c) the specific basis for and an explanation of the objection; (d) your full name, address, telephone number, and email address; (e) all documents or writings that you desire the Court to consider; (f) a list of all proposed class action settlements in which you have filed an objection in the last five years;

9

(g) the name and contact information of any and all attorneys representing, advising, or in any way assisting you in connection with the preparation or submission of the objection or who may profit from the pursuit of the objection; and (h) a statement of whether you (or your counsel) intend to appear at the Final Approval Hearing. You must submit any objection in writing by [Objection Deadline] in order to be heard by the Court at the Final Approval Hearing. You must also identify any witnesses you may seek to call to testify at the Final Approval Hearing and all exhibits you intend to seek to introduce into evidence at the Final Approval Hearing, which must also be attached to, or included with, the written objection. If you hire an attorney in connection with making an objection, that attorney must file an appearance with the Court or seek *pro hac vice* admission to practice before the Court, and electronically file the appearance or *pro hac* vice admission by the objection deadline of [Objection Deadline]. If you do hire your own attorney, you will be solely responsible for payment of any fees and expenses the attorney incurs on your behalf. If you exclude yourself from the Settlement, you cannot file an objection.

In addition to filing your objection with the Court, by no later than [Objection Deadline], you must also send via mail or delivery service, with the requisite postmark, copies of your objection and any supporting documents to the Settlement Administrator and Class Counsel at the addresses listed below:

| [Settlement Administrator] [Email Address] [Street address] [City, State, Zip Code] | Ryan F. Stephan James B. Zouras Andrew C. Ficzko STEPHAN ZOURAS, LLC 222 West Adams St. Suite 2020 Chicago, Illinois 60606 | J. Eli Wade-Scott Schuyler Ufkes EDELSON PC 350 N LaSalle St. 14th Floor Chicago, IL 60654 |
|---|---|---|

Class Counsel will file with the Court and post on the settlement website their request for attorneys' fees and expenses, and Plaintiff's request for an incentive award on [date 2 weeks before Objection deadline].

10

## What's the difference between objecting and excluding myself from the Settlement?

Objecting simply means telling the Court that you don't like something about the Settlement. You can object only if you stay in the Class as a Class Member. Excluding yourself from the Class is telling the Court that you don't want to be a Class Member. If you exclude yourself, you have no basis to object because the case no longer affects you (and you will not receive payment).

# The Court's Final Approval Hearing

## When and where will the Court decide whether to approve the settlement?

The Court will hold the Final Approval Hearing on [**Final Approval Hearing Date**] at [**time**] before the Honorable Edmond E. Chang in Room 2341 at the Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Chicago, Illinois 60604. The purpose of the hearing is for the Court to determine whether the Settlement is fair, reasonable, adequate, and in the best interests of the Class Members. **At the hearing, the Court will hear any objections and arguments concerning the fairness of the proposed Settlement, including those related to the amount requested by Class Counsel for attorneys' fees and expenses and the incentive award to the Class Representative.**

**Note:** The date, time, and location of the Final Approval Hearing are subject to change by the Court. Any changes will be posted at the Settlement Website, www.website.com.

## Do I have to come to the hearing?

No. Class Counsel will answer any questions the Court may have. You are welcome to come at your own expense. If you send an objection, you don't have to come to Court to talk about it. As long as your written objection was filed and mailed on time and meets the other

11

criteria described in the Settlement, the Court will consider it. You may also pay a lawyer to attend, but you don't have to do so.

## May I speak at the hearing?

Yes. If you do not exclude yourself from the Class, you may ask the Court for permission to speak at the hearing concerning any part of the proposed Settlement. If you filed an objection (*see* "How do I object to the Settlement?" above) and intend to appear at the hearing, with or without counsel, you must state your intention to do so in your objection.

# Getting More Information

## How do I get more information?

This notice provides only a summary of the proposed settlement. The complete settlement with all its terms can be found **here** [link to Settlement Agreement]. To get a copy of important documents in the case, click **here** [link to Important Documents]. To get answers to your questions:

- Visit the case website at [website]
- Contact the Settlement Administrator at [phone number] or [email address]
- Contact Class Counsell at XX (additional contact information below)

**PLEASE DO NOT CONTACT the Court, the Judge, the Defendant or the Defendant's lawyers with questions about the settlement or distribution of settlement payments.**

| Resource | Contact Information |
|---|---|
| **Case website** | [website] |
| **Settlement Administrator** | [Settlement Administrator] [Email Address] |

12

| | |
|---|---|
| | [Street address]<br>[City, State, Zip Code]<br>[Phone Number] |
| **Your Lawyers** | Ryan F. Stephan<br>James B. Zouras<br>Andrew C. Ficzko<br>STEPHAN ZOURAS, LLC<br>222 West Adams Street, Suite 2020<br>Chicago, Illinois 60606<br>Tel: 312.233.1550<br>Fax: 312.233.1560<br>Email: lawyers@stephanzouras.com<br><br>J. Eli Wade-Scott<br>Schuyler Ufkes<br>Edelson PC<br>350 N LaSalle St, 14th Floor<br>Chicago, IL 60654<br>Tel: 312.589.6370<br>Email: sufkes@edelson.com |
| **Court (DO NOT CONTACT)** | Everett McKinley Dirksen United States Courthouse, Courtroom 2341<br>219 South Dearborn Street<br>Chicago, IL 60604 |

13

PRESORTED
FIRST CLASS
U.S. POSTAGE
PAID

U.S. District Court for the Northern District of Illinois
*Howe v. Speedway LLC*
Case No. 1:19-cv-01374

# Class Action Settlement Notice
### *Authorized by the U.S. District Court for the*
### *Northern District of Illinois*

Our records indicate that you scanned your finger while working for Speedway in Illinois between September 1, 2012 and November 1, 2017 and are entitled to a payment of approximately **$970** from a class action settlement.

See other side for details or visit www.[WEBSITE].com

Postal Service: Please Do Not Mark Barcode

<<FName>> <<LName>>
<<Addr1>> <<Addr2>>
<<City>>, <<State>> <<Zip>>



You are receiving this notice because records indicate you worked for Speedway LLC (also "Speedway" or "Defendant") in Illinois between September 1, 2012 and November 1, 2017 and are entitled to a payment from a class action settlement. The lawsuit alleges that Speedway violated an Illinois law called the Biometric Information Privacy Act ("BIPA") by collecting workers' biometric data through a finger-scanning timeclock system in Illinois without complying with the law's requirements. The settlement does not establish who is right or wrong. Speedway denies that it violated any laws. The lawsuit is called *Howe v. Speedway, LLC.*, Case No. 19-cv-01374, and is in federal court in the United States District Court for the Northern District of Illinois. Please read this notice carefully. Your legal rights are affected whether you act, or don't act.

**Am I part of the Settlement Class?** Our records indicate that you are included. The Class includes all individuals who used a finger scanner on a timeclock while working for Speedway in the state of Illinois between September 1, 2012, and November 1, 2017. Some exclusions apply. See www.[website].com, where you can find the long-form Website Notice for more details

**What can I get out of the Settlement?** If you're included and you do nothing, a check for approximately **$970** will automatically be mailed to you at the address this notice was sent to, if the settlement is approved. You can request to update your address by using the Address Update page of the Settlement Website, www.[website].com. To login to update your address, you must input the following:

        Class Member ID: **«SIMID»**
        Last Name: **«LastName»**

This payment is an equal share of the $12,122,775 Settlement Fund, after any Court-approved payment of settlement expenses, attorneys' fees and expenses to Class Counsel (identified below), and an incentive award of up to $10,000 to the Class Representative (identified below).

**Who represents me?** The Court has appointed lawyers from the law firms Stephan Zouras, LLC and Edelson PC as "Class Counsel." They represent you and other Class Members. You can hire your own lawyer, but you'll need to pay that lawyer's legal fees if you do. The Court has also chosen Christopher Howe—a class member like you—to represent the Class as your Class Representative.

**What are my options?** You have the following options: (1) Do nothing - if you're eligible, you'll receive your Class Member payment (estimated to be **$970**) and you won't be able to sue Speedway on this issue in the future; (2) Exclude yourself - you won't receive a payment, but you'll keep whatever rights you currently have to sue Speedway on this issue; or (3) Object - if you disagree with any of the settlement's terms, you can submit your objection(s) to the Court and explain why you do not like the settlement but remain a Class Member. For detailed requirements and instructions on how to exclude yourself or object, see the Website Notice, available at www.[website].com . *All Requests for Exclusion and Objections must be postmarked by [Objection/Exclusion Deadline].*

**When will the Court approve the settlement?** The Court will hold a final approval hearing in person on [date] at [time] before the Honorable Edmond E. Chang in Room 2341 at the Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Chicago, Illinois 60604. During the hearing, the Court will hear any objections, determine if the settlement is fair, and consider Class Counsel's request for expenses, fees up to 37.5% of the Settlement Fund, and an incentive award of $10,000 for the Class Representative. The request will be posted on the Settlement Website by [two weeks before the Objection Deadline].