**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| CHRISTOPHER HOWE, individually, and on behalf of all others similarly situated, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>SPEEDWAY, LLC, )<br>)<br>Defendant. )<br>) | Case No. 1:19-cv-01374<br><br>Honorable Judge Edmond E. Chang |

**ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT AGREEMENT AND APPROVING NOTICE PLAN**

This matter having come before the Court on Plaintiff's Unopposed Motion for and Memorandum in Support of Preliminary Approval of Class Action Settlement (the "Motion"), the Court having reviewed in detail and considered the Motion, the Class Action Settlement Agreement and Release ("Settlement Agreement") between Christopher Howe ("Plaintiff") on behalf of himself and each member of the certified Class and Defendant Speedway, LLC ("Defendant") (together, the "Parties"), and all other papers that have been filed with the Court related to the Settlement Agreement, including all exhibits and attachments to the Motion and the Settlement Agreement, good cause being shown, the Court having jurisdiction, and the Court being fully advised in the premises,

**IT IS HEREBY ORDERED, DECREED, AND ADJUDGED AS FOLLOWS:**

1. Capitalized terms used in this Order that are not otherwise defined herein have the same meaning assigned to them as in the Settlement Agreement. (Dkt. 205-1.)

2. Plaintiff has moved the Court for an order preliminarily approving the settlement of the Action in accordance with the Settlement Agreement, which, together with the documents

incorporated therein, sets forth the terms and conditions for a proposed settlement and dismissal of the Action. The Court having read and considered the Settlement Agreement and having heard the parties, hereby preliminarily approves the Settlement Agreement in its entirety subject to the Final Approval Hearing referred to in this Order and approves the Notice plan.

**Class Definition, Representative, and Counsel**

3. On August 29, 2024, the Court granted Plaintiff's motion for class certification and certified a class consisting of: "All individuals who used a finger scanner on a timeclock while working for Speedway in the State of Illinois between September 1, 2012 and November 1, 2017." The Class definition in the Settlement Agreement is identical, save for three common exclusions. For purposes of settlement, the Court finds that the following people are excluded from the Class: (1) the Court and members of their families; (2) persons who properly execute a timely request for exclusion from the Class; and (3) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released. The Court approves the Class definition in the Settlement Agreement, approves the appointment of Christopher Howe as the Class Representative, and approves Ryan Stephan, Jim Zouras, and Andrew Ficzko of Stephan Zouras, LLC, and J. Eli Wade-Scott and Schuyler Ufkes of Edelson PC as Class Counsel.

**Preliminary Approval of Settlement**

4. The Court preliminarily finds that, subject to the Final Approval Hearing, the Settlement Agreement is fair, reasonable, and adequate, is likely to be approved under Federal Rule of Civil Procedure 23(e)(2) and is in the best interests of the previously-certified Class. (Dkt. 188.) The Court further preliminarily finds that the Settlement Agreement substantially fulfills the purposes and objectives of the class action and provides substantial relief to the Class without the risks, burdens, costs, or delay associated with continued litigation, trial, and/or appeal. The Court

also finds that the Settlement Agreement (a) is the result of arm's-length negotiations between experienced class action attorneys familiar with the legal and factual issues of this case; (b) is sufficient to warrant notice of the settlement and the Final Approval Hearing to be disseminated to the Class; (c) meets all applicable requirements of law, including Federal Rule of Civil Procedure 23 and the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715; and (d) is not a finding or admission of liability by the Defendant or any other parties.

**Notice and Administration**

5. The Court approves, as to form, content, and distribution, the Notice plan—which includes direct Notice via U.S. Mail and email, reminder notices via U.S. Mail and email, and the creation of the Settlement website—as fully set forth in the Settlement Agreement and group Exhibit A thereto. The Court further finds that such Notice is the best notice practicable under the circumstances, and that the Notice complies fully with the requirements of the Federal Rules of Civil Procedure. The Court also finds that the Notice constitutes valid, due, and sufficient notice to all persons entitled thereto, and meets the requirements of Due Process. The Court further finds that the Notice is reasonably calculated, under all circumstances, to apprise members of the Class of the pendency of this Action, the terms of the Settlement Agreement, and the right to object to the settlement and to exclude themselves from the Class. The Parties, by agreement, may revise the Notice in ways that are not material, or in ways that are appropriate to update those documents for purposes of accuracy or formatting.

6. The Court approves the request for appointment of Simpluris Inc., as the Settlement Administrator under the Settlement Agreement. The Settlement Administrator is vested with authority to carry out the Notice process as set forth in the Settlement Agreement.

7. The Settlement Administrator is directed to initiate Notice to the Class by

07/31/2025 as set forth in the Settlement Agreement.

8. The Settlement Administrator shall also establish and maintain the Settlement website to provide full information about the settlement online.

**Exclusion**

9. Any person in the Class may request exclusion from the Class by expressly stating his/her request in a written exclusion request as described in the Notice to the Class attached to the Settlement Agreement as group Exhibit A, on the Settlement website, and below. Such exclusion requests must be postmarked or received by the Settlement Administrator no later than the Exclusion Deadline of 09/16/2025.

10. In order to exercise the right to be excluded, a person in the Class must timely send a written request for exclusion to the Settlement Administrator providing (1) the Class Member's name, address and telephone number; (2) the name and number of this case, *Howe v. Speedway, LLC*, No. 19-cv-01374; (3) a statement that he/she wishes to be excluded from the Class; and (4) a signature by the person requesting exclusion. A request to be excluded that is sent to an address other than that designated in the Notice, or that is not postmarked on or before the Exclusion Deadline, shall be invalid, and the person serving such a request shall be considered a Class Member and shall be bound by the Settlement Agreement, if approved. No person within the Class, or any person acting on behalf of, in concert with, or in participation with that person within the Class, may request exclusion from the Class of any other person within the Class. No person may request to be excluded from Class through "mass" or "class" opt-outs, meaning that each individual who seeks to opt out must send an individual, separate request to the Settlement Administrator that complies with all requirements of this paragraph.

11. Any person in the Class who elects to be excluded shall not: (i) be bound by any

orders or the Final Judgment; (ii) be entitled to relief under the Settlement Agreement; (iii) gain any rights by virtue of the Settlement Agreement; or (iv) be entitled to object to any aspect of the Settlement Agreement. A person who requests to be excluded from the Class cannot also object to the Settlement Agreement.

**Objections**

12. Any Class Member who has not timely requested exclusion from the Class may object to any aspect of the Settlement Agreement, including the amount of the attorneys' fees, costs, and expenses sought by Class Counsel and the payment of the Incentive Award to the Class Representative. To object, Class Members must sign and file a written objection on or before the Objection Deadline of 09/16/2025.

13. To be valid, the written objection must comply with the objection procedures set forth in the Settlement Agreement and Notice, and must include (1) the case name and number, *Howe v. Speedway, LLC*, No. 19-cv-01374; (2) a statement that he/she believes himself or herself to be a member of the Class; (3) the specific basis for and an explanation of the objection; (4) the full name, address, telephone number, and email address of the Class Member making the objection; (5) all documents or writings that the Class Member desires the Court to consider; (6) a list of all proposed class action settlements in which the Class Member making the objection has filed an objection in the last five years; (7) the name and contact information of any and all attorneys representing, advising, or in any way assisting the objector in connection with the preparation or submission of the objection or who may profit from the pursuit of the objection; (8) a statement of whether the Class Member intends to appear at the Final Approval Hearing with or without counsel; and (9) a signature by the person objecting. If any objecting Class Member intends to appear at the Final Approval Hearing, either with or without counsel (who must file an

appearance or seek *pro hac vice* admission), he/she must state as such in the written objection, and must also identify any witnesses he/she may seek to call to testify at the Final Approval Hearing and all exhibits he/she intends to seek to introduce into evidence at the Final Approval Hearing, which must also be attached to, or included with, the written objection.

14. To be valid, objections must be filed with the Court and postmarked to Class Counsel and the Settlement Administrator on or before the Objection Deadline.

>**To Class Counsel:**
>Ryan F. Stephan (rstephan@stephanzouras.com)
>James B. Zouras (jzouras@stephanzouras.com)
>Andrew C. Ficzko (aficzko@stephanzouras.com)
>STEPHAN ZOURAS, LLC
>222 West Adams Street, Suite 2020
>Chicago, Illinois 60606
>
>J. Eli Wade-Scott (ewadescott@edelson.com)
>Schuyler Ufkes (sufkes@edelson.com)
>EDELSON PC
>350 North LaSalle Street, 14th Floor
>Chicago, Illinois 60654
>
>**To the Settlement Administrator:**
>Speedway BIPA Settlement Administrator
>PO Box 25226
>Santa Ana, CA 92799

15. Any objections made by a Class Member who is represented by counsel must be filed through the Court's CM/ECF system.

16. Any Class Member who fails to file and timely serve written objections in compliance with the requirements above and the Settlement Agreement shall be deemed to have waived any objections and shall be foreclosed from making any objections (whether by appeal or otherwise) to the Settlement Agreement.

**Final Approval Hearing**

17. Class Counsel shall file papers in support of their request for attorneys' fees and

litigation costs relating to their representation of the Class, and the Class Representative's request for an Incentive Award (collectively, the "Fee Petition") with the Court on or before 09/02/2025. (*i.e.*, 14 days before the Objection/Exclusion Deadlines). The Fee Petition shall be filed with the Court and promptly posted to the Settlement website. Defendant may, but is not required to, file a response to Class Counsel's Fee Petition with the Court on or before the Objection Deadline of 09/16/2025. Class Counsel may file a reply in support of their Fee Petition with the Court on or before 10/06/2025.

18. Plaintiff shall file his papers in support of final approval of the Settlement Agreement, and in response to any objections, with the Court on or before 10/14/2025.

19. The Final Approval Hearing shall be held before this Court on 10/21/2025 at 12:15 p.m. before the Honorable Edmond E. Chang in Room 2341 at the Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Chicago, Illinois, 60604 to determine: (a) whether the proposed settlement of the Action on the terms and conditions provided for in the Settlement Agreement is fair, reasonable, and adequate and should be given final approval by the Court; (b) whether a judgment and order of dismissal with prejudice should be entered; (c) whether to approve the payment of attorneys' fees and expenses to Class Counsel; and (d) whether to approve the payment of an Incentive Award to the Class Representative.

20. The Final Approval Hearing may be postponed, adjourned, transferred, or continued by order of the Court without further notice to the Class. At or following the Final Approval Hearing, the Court may enter a judgment approving the Settlement Agreement and a Final Approval Order and Final Judgment in accordance with the Settlement Agreement that adjudicates the rights of all Class Members.

21. Class Members do not need to appear at the Final Approval Hearing.

22. All proceedings in the Action as between Plaintiff and Defendant are stayed until further order of the Court except such actions as may be necessary to implement the Settlement Agreement and this Preliminary Approval Order.

**IT IS SO ORDERED.**

ENTERED:

*Edmond E. Chang*
Honorable Edmond E. Chang
United States District Judge

DATE: July 10, 2025